### STATE OF CONNECTICUT *v.* WILLIE MELTON

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. CR 6-175826
NEW HAVEN

Memorandum filed November 19, 1979

*Daniel A. Lyons,* assistant state's attorney, for the state.

*John R. Williams,* for the defendant.

NORTON M. LEVINE, J. The three charges presently pending against the defendant are criminal mischief in the third degree, in violation of General Statutes § 53a-117; breach of peace, in violation of General Statutes § 53a-181; and interfering with a police officer, in violation of General Statutes § 53a-167a.

The state and the defendant are in agreement on all portions of the defendant's motion for discovery and inspection, except that portion of paragraph 9 which seeks to compel the state to disclose the records of all prior misdemeanor convictions of every prosecution witness after each witness has testified on direct examination at trial.

Section 744 of the 1978 Practice Book provides as follows: "After a witness called by the state has testified on direct examination, the prosecuting authority shall disclose any record of *felony convictions* of the witness known to the prosecuting

authority and any record of felony or misdemeanor charges pending against the witness known to the prosecuting authority." (Emphasis added.)

The state claims that since prior misdemeanor convictions are not expressly mandated for disclosure in § 744 of the 1978 Practice Book, the defendant is not entitled to such disclosure. On the other hand, the defendant asserts that such information, relative to misdemeanor convictions, is "exculpatory," and that disclosure by the prosecution is therefore required under § 741 (1) of the 1978 Practice Book. See also General Statutes § 54-86c.

The defendant's argument is not persuasive. If carried to its ultimate conclusion, his contention would mean that the specific restrictions of § 744 are meaningless, and of no force and effect when contrasted with the general provisions of § 741 (1). The standard principle of construction is to the contrary. General Statutes § 52-145; *State* v. *Harris,* 172 Conn. 223, 226; *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 401–402.

The new rules of criminal procedure became effective on October 1, 1976. It is highly improbable that the framers of the new practice book rules intended to reach the illogical and unreasonable result which the defendant urges. See Tait and LaPlante, Handbook of Connecticut Evidence, § 7.21, p. 110.

Moreover, the court's conclusion herein does not mean that the defendant is thereby foreclosed from any advance access to the records of misdemeanor convictions of witnesses for the state. The defendant currently has a statutory right, on his own initiative, to obtain and inspect such information, with relative ease, from official records. General Statutes §§ 54-142k (a) and (b); see *State* v. *Thergood,* 33 Conn. Sup. 599, 603–604.

The defendant has failed to sustain his burden of proof with respect to the merits of paragraph 9 of his motion. *Whiteside* v. *Burlant,* 153 Conn. 204, 208; *State* v. *Bowden,* 29 Conn. Sup. 86, 91.

Accordingly, that portion of paragraph 9 of the defendant's motion which seeks disclosure of misdemeanor conviction records of prosecution witnesses is denied. The state shall comply with the defendant's motion, at the time of trial, solely and exclusively pursuant to the terms of § 744 of the 1978 Practice Book and the contents of the present memorandum.