## STATE OF CONNECTICUT *v.* PERRY LEE HERRING
### (13271)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued April 6—decision released September 6, 1988

*Jon L. Schoenhorn,* for the appellant (defendant).

*James G. Clark,* assistant state's attorney, with whom, on the brief, were *Michael E. O'Hare* and *Herbert Appleton,* assistant state's attorneys, for the appellee (state).

CALLAHAN, J. On September 24, 1985, the defendant, Perry Lee Herring, was charged in two separate informations; in one, with assault in the third degree

in violation of General Statutes § 53a-61,[1] and in the other, with threatening and harassment in violation of General Statutes §§ 53a-62[2] and 53a-183[3] respectively. On July 1, 1987, in open court, the state attempted to enter nolles prosequi as to all the charges in both informations. The ostensible reason for the entry of the nolles, as stated by the assistant state's attorney, was that the accused had received a sentence of fifty years to life the previous day in Hartford Superior Court and was also scheduled to be returned to New Jersey to finish an eighteen year term of imprisonment in that state.

[1] "[General Statutes (Rev. to 1985)] Sec. 53a-61. ASSAULT IN THE THIRD DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

"(b) Assault in the third degree is a class A misdemeanor."

[2] "[General Statutes] Sec. 53a-62. THREATENING: CLASS A MISDEMEANOR. (a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury, or (2) he threatens to commit any crime of violence with the intent to terrorize another, to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or (3) he threatens to commit such crime in reckless disregard of the risk of causing such terror or inconvenience.

"(b) Threatening is a class A misdemeanor."

[3] "[General Statutes] Sec. 53a-183. HARASSMENT: CLASS C MISDEMEANOR. (a) A person is guilty of harassment when: (1) By telephone, he addresses another in or uses indecent or obscene language; or (2) with intent to harass, annoy or alarm another person, he communicates with a person by telegraph, mail, or any other form of written communication, in a manner likely to cause annoyance or alarm; or (3) with intent to harass, annoy or alarm another person, he makes a telephone call, whether or not a conversion ensues, in a manner likely to cause annoyance or alarm.

"(b) For purposes of this section such offense may be deemed to have been committed either at the place where the telephone call was made, or at the place where it was received.

"(c) The court may order any person convicted under this section to be examined by one or more psychiatrists.

"(d) Harassment is a class C misdemeanor."

Apparently the state felt that to persist in the prosecution of these pending misdemeanors would be akin to carrying coals to Newcastle.[4]

When the state indicated that it intended to enter nolles, the defendant objected and moved that the charges against him be dismissed pursuant to General Statutes § 54-56b[5] and Practice Book 726.[6] The trial court, however, allowed the nolles to enter and summarily denied the defendant's motions to dismiss. The assistant state's attorney did not make, or attempt to make, any representations that a material state's witness had died, disappeared or become disabled, or that material evidence had disappeared or been destroyed, and that a further investigation was therefore necessary. See General Statutes § 54-56b. From the transcript, however, it appears that he was afforded no opportunity to do so by the trial court and the defendant was similarly not afforded an opportunity to respond. Such representations were essential before nolles could enter to the pending charges against the defendant over his objection. *State* v. *Lloyd,* 185 Conn.

---

[4] Evans, Dictionary of Quotations (1968) p. 113; Source "I" autobiography of James Melville 1583.

[5] "[General Statutes] Sec. 54-56b. RIGHT TO DISMISSAL OR TRIAL ON NOLLE. A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[6] "[Practice Book] Sec. 726. —— ——OBJECTION BY DEFENDANT

"Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi at the time it is offered by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

199, 202, 440 A.2d 867 (1981). Without those representations, the trial court's allowance of the entry of the nolles was plain error. *State* v. *Pina,* 185 Conn. 473, 482, 440 A.2d 962 (1981); *State* v. *Burke,* 182 Conn. 330, 331–32, 438 A.2d 93 (1980); see also *LaReau* v. *Reincke,* 158 Conn. 486, 492–93, 264 A.2d 576 (1969).

The question that confronts this court is whether we have jurisdiction to address the trial court's error. Generally, a party aggrieved by a decision of the trial court may appeal only from a final judgment. General Statutes §§ 52-263[7] and 51-197a;[8] Practice Book § 4000;[9] *State* v. *Coleman,* 202 Conn. 86, 89, 519 A.2d 1201 (1987); *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). The final judgment in a criminal case ordinarily is the imposition of sentence. *In re Juvenile Appeal*

[7] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8, 8-9, 8-28 and 8-30."

[8] General Statutes § 51-197a provides in pertinent part: "APPEALS TO APPELLATE COURT. WRITS. TRANSFER OF JURISDICTION FROM APPELLATE SESSION. (a) Appeals from final judgments or actions of the superior court shall be taken to the appellate court in accordance with section 51-197c, except for small claims, which are not appealable, appeals within the jurisdiction of the supreme court as provided for in section 51-199, appeals as provided for in sections 8-8, 8-9, 8-28 and 8-30, and except as otherwise provided by statute."

[9] "[Practice Book] § 4000. (Formerly Sec. 3000). RIGHT OF APPEAL

"If a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, that party may appeal from the final judgment of the court or of such judge, or from a decision setting aside a verdict except in small claims cases, which shall not be appealable, and appeals as provided in Gen. Stat. §§ 8-8, 8-9, 8-28 and 8-30."

*(85-AB)*, 195 Conn. 303, 306, 488 A.2d 778 (1985); *State v. Parker,* 194 Conn. 650, 652, 485 A.2d 139 (1984). A nolle prosequi is obviously not a final judgment and generally an appeal would not lie solely from the entry of a nolle prosequi. *State* v. *Lloyd,* supra, 207. Consequently, we must decide if this case falls within that narrow exception to the rule of finality that allows an intermediate appeal of interlocutory trial court rulings that, if erroneous, cannot later be remedied by reversal of a conviction after trial. Id.; *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). We conclude that the entry of nolles to the charges against the defendant under the factual circumstances evident here fits within that exception and warrants the exercise of our judicial oversight. *State* v. *Lloyd,* supra.

If the trial court had adhered to the dictates of § 54-56b, the defendant, when he objected to the attempt of the state to enter nolles, would have been entitled to either a trial or a dismissal unless the state made the requisite representations that would have allowed nolles to enter. Id., 202. Instead, the trial court allowed nolles to enter as to the charges against the defendant without affording him an opportunity to present arguments in opposition thereto or giving the state the opportunity to make the necessary representations justifying their entry. If the present state of affairs is acquiesced in by this court the statutory right of the defendant to have the charges against him disposed of in accordance with the legislative mandate of § 54-56b will never be accommodated. Further, the failure to address the trial court's error could lead to an indefinite postponement of the criminal proceedings against the defendant that may, under the circumstances, violate his constitutional right to a speedy trial. *Klopfer* v. *North Carolina,* 386 U.S. 213, 219–22, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967); *State* v. *Lloyd,* supra, 208. The defendant's statutory and constitutional rights

cannot be vindicated by a trial or other proceeding that, in all likelihood, will never take place unless an interlocutory appeal is permitted. *State* v. *Lloyd,* supra.

Therefore, this defendant is in much the same position as the defendant in *State* v. *Lloyd,* supra, 207, wherein we stated: "The purpose of providing judicial oversight over the entry of a nolle prosequi to which the defendant timely objected is to protect the defendant from the repeated initiation and termination of charges that, while discharging him from custody, leave him in legal limbo." This defendant too, finds himself in that vacuous place of oblivion.

Since the effect of the entry of the nolles was only to terminate this particular prosecution without an acquittal and without placing the defendant in jeopardy, he remains vulnerable to reinstatement of a prosecution against him. *State* v. *Gaston,* 198 Conn. 435, 440–41, 503 A.2d 594 (1986); *State* v. *Lloyd,* supra, 201; *Hing Wan Wong* v. *Liquor Control Commission,* 160 Conn. 1, 5, 273 A.2d 709 (1970), cert. denied, 401 U.S. 938, 91 S. Ct. 931, 28 L. Ed. 2d 218 (1971). Even if the statute of limitations as to these misdemeanors[10] were to expire and the erasure statute[11] become oper-

---

[10] General Statutes (Rev. to 1985) § 54-193 (b) provides in pertinent part: "LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. . . .

"(b) No person may be prosecuted for any offense, except a capital felony or a class A felony, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony or a class A felony, except within one year next after the offense has been committed."

[11] General Statutes § 54-142a (c) provides: "(Formerly Sec. 54-90). ERASURE OF CRIMINAL RECORDS. . . .

"(c) Whenever any charge in a criminal case has been nolled in the superior court, or in the court of common pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased. However, in cases of nolles entered in the superior court, court of common pleas, circuit court, municipal court or by a justice

ative to deprive the state of access to records concerning these charges so as to render reinitiation of prosecution difficult and improbable, · reinitiation of prosecution is not impossible. The statute of limitations is an affirmative defense, not a jurisdictional bar to prosecution; *State* v. *Coleman,* supra, 91; and the erasure statute does not foreclose the utilization of the personal and independent observation of witnesses to initiate a new prosecution. *State* v. *Morowitz,* 200 Conn. 440, 447–52, 512 A.2d 175 (1986); *State* v. *Gaston,* supra, 441; *Hampton* v. *Manson,* 5 Conn. App. 343, 346, 497 A.2d 1044 (1985); *State* v. *Anonymous (1980-2),* 36 Conn. Sup. 91, 92, 412 A.2d 708 (1979).

Consequently, the nolled charges, particularly in a prison setting, may threaten the defendant indefinitely. Further, his constitutional and statutory rights to have the charges appropriately resolved in a timely fashion will have vanished unless his interlocutory appeal is allowed. The case is properly here. *State* v. *Lloyd,* supra, 208. That being so, we find error and remand this matter to the trial court with instructions to allow the state the opportunity to make the requisite representations to allow the trial court to determine whether nolles should enter as to the charges in ques-

---

of the peace prior to April 1, 1972, such records shall be deemed erased by operation of law and the clerk or the person charged with the retention and control of such records shall not disclose to anyone their existence or any information pertaining to any charge so erased, provided nothing in this subsection shall prohibit the arrested person or any one of his heirs from filing a petition to the court or to the records center of the judicial department, as the case may be, to have such records erased, in which case such records shall be erased. Whenever any charge in a criminal case has been continued at the request of the prosecuting attorney, and a period of thirteen months has elapsed since the granting of such continuance during which period there has been no prosecution or other disposition of the matter, the charge shall be construed to have been nolled as of the date of termination of such thirteen-month period and such erasure may thereafter be effected or a petition filed therefor, as the case may be, as provided in this subsection for nolled cases."

tion. See id., 205. If the state is unable or unwilling to make the requisite representations, the defendant is entitled to a dismissal of the charges or an immediate trial.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other justices concurred.