STATE OF CONNECTICUT *v.* MICHAEL TALTON
(13367)

HEALEY, SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued June 8—decision released September 13, 1988

*Thomas Ullmann,* assistant public defender, with whom, on the brief, was *Owen Chase,* law student intern, for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom, on the brief, was *Mary Galvin,* state's attorney, for the appellee (state).

CALLAHAN, J. On March 17, 1986, the body of Michael Motley was discovered on South Branford Road in Wallingford. Motley had been shot to death. On June 17, 1986, the defendant, Michael Talton, a suspect in Motley's murder, was arrested in Rochester, New York, pursuant to a fugitive warrant issued by the state of Connecticut. He was returned to Connecticut after an extradition hearing in New York and formally arrested for murder on August 14, 1986. On August 15, 1986, Talton was presented in the Superior Court in Meriden, a bond for his appearance was set in the amount of $100,000 and his case was transferred to Part A of the Superior Court for the judicial district of New Haven.

On October 2, 1986, a probable cause hearing was held pursuant to General Statutes § 54-46a (a)[1] before Judge Quinn. After hearing the state's evidence, Judge Quinn found that there was no probable cause to believe

---

[1] General Statutes § 54-46a (a) provides: "PROBABLE CAUSE HEARING FOR PERSONS CHARGED WITH CRIMES PUNISHABLE BY DEATH OR LIFE IMPRISONMENT. (a) No person charged by the state on or after May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."

that the defendant had committed the crime of murder. On the same date, subsequent to the finding of no probable cause, the state filed an information charging the defendant with manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1).[2] At that time the defendant's bond was reduced from $100,000 to $50,000. The defendant, however, was unable to post bail and remained in custody. On January 12, 1987, the defendant filed a motion for a speedy trial, which was granted by the trial court on January 20, 1987.

On April 2, 1987, jury selection was scheduled to begin to impanel a jury for the defendant's trial. On that date, however, rather than select a jury, the state attempted to enter a nolle prosequi of the manslaughter charge against the defendant citing changes in the testimony of key witnesses as the reason it was unable to proceed with the prosecution. In support of its attempt to enter a nolle, the state argued that the changes in anticipated testimony were equivalent to the disappearance of material witnesses and, under General Statutes § 54-56b[3] and Practice Book § 726,[4]

[2] General Statutes § 53a-55 (a) (1) provides: "MANSLAUGHTER IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person."

[3] "[General Statutes] Sec. 54-56b. RIGHT TO DISMISSAL OR TRIAL ON NOLLE. A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[4] "[Practice Book] Sec. 726. —— ——OBJECTION BY DEFENDANT

"Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi at the time it is offered by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died,

it was entitled to have a nolle enter. In the alternative, the state argued that if the trial court determined that a dismissal were required, then it should be without prejudice. The defendant objected to the entry of a nolle and moved to dismiss the information with prejudice.[5] The trial court rejected the state's argument in support of the entry of a nolle but accepted the state's alternative argument and dismissed the information against the defendant without prejudice. The defendant took exception to the decision of the trial court and appealed to the Appellate Court. The appeal was transferred to this court pursuant to Practice Book § 4023.[6]

## I

The state initially claims that this court lacks jurisdiction over the defendant's appeal because (1) the

disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[5] We construe the defendant's motion to "dismiss with prejudice" as equivalent to a "demand" for a dismissal under General Statutes § 54-56b.

[6] Practice Book § 4023 provides: "[TRANSFER OF CASES BY SUPREME COURT] (FORMERLY SEC. 3004A).—IN GENERAL

"The supreme court may transfer to itself a cause in the appellate court. Except for any matter brought pursuant to its original jurisdiction under the constitution, the supreme court may transfer a cause or class of causes from itself, including any cause or class of causes pending on July 1, 1983, to the Appellate court. The court to which a cause is transferred has jurisdiction.

"There shall be no fee on such transfer, but an appellant other than the state or a party for whom fees, costs and security have been waived pursuant to Sec. 4016 shall within twenty days file in the trial court a substituted recognizance in the amount of $500. The chief clerk of the supreme court shall notify all parties and the clerk of the trial court that the appeal has been transferred. A case so transferred shall be entered upon the docket of the court to which it has been transferred and the chief clerk shall require the parties to take such steps as may be necessary to make the appeal conform to the rules of the court to which it has been transferred.

"Upon the transfer of an appeal, the time within which the briefs or other documents must be filed shall be governed by the rules of the court to which the case has been transferred, except that such time limit for the document next to be filed shall not be less than thirty days from issuance of the notice of transfer."

defendant is not an aggrieved party[7] and (2) the appeal was not taken from a final judgment.

The test of aggrievement is whether a party claiming aggrievement can demonstrate a specific personal and legal interest in the subject matter of the court's decision and whether that interest has been specially and injuriously affected by the decision. *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 502, 503 A.2d 1161 (1986); *Bakelaar* v. *West Haven,* 193 Conn. 59, 65, 475 A.2d 283 (1984). There can be no doubt that the first prong of that test has been met. Obviously, this defendant has a specific personal and legal interest in the proper disposition of the serious criminal charge leveled against him by the state. The second prong of the aggrievement test has also been met. While the dismissal without prejudice did terminate the pending prosecution of the defendant, it, nonetheless, left him vulnerable for an indefinite period to the reinitiation of the prosecution by the state. Practice Book § 819; *State* v. *Lenczyk,* 11 Conn. App. 224, 225–26 n.1, 526 A.2d 554 (1987); A. Spinella, Connecticut Criminal Procedure p. 628. Consequently, without a definitive resolution of the charge against him, the defendant has been deprived of the opportunity to adjudicate the rights he had asserted to a speedy trial and the appropriate final disposition of his case under § 54-56b. *State* v. *Herring,* 209 Conn. 52, 56, 547 A.2d 6 (1988); *State* v. *Lloyd,* 185 Conn. 199, 207–208, 440 A.2d 867 (1981). We conclude, therefore, that the defendant is aggrieved.

Further, although, as pointed out by the state, this appeal was not taken after the imposition of sentence, we determine that we have jurisdiction.[8] That deter-

---

[7] The state claims that the defendant is not an aggrieved party because the dismissal of the information against him was a favorable, not an adverse, decision.

[8] Generally, a party aggrieved by a decision of the trial court may appeal only from a final judgment. *State* v. *Coleman,* 202 Conn. 86, 89, 519 A.2d

mination is made because the consequences of the trial court's ruling place this case squarely within that narrow exception to the final judgment rule that allows an appeal of interlocutory trial court rulings that, if erroneous, cannot later be remedied by the reversal of a conviction after trial; *State* v. *Herring,* supra; *State* v. *Curcio,* 191 Conn. 27, 33–34, 463 A.2d 566 (1983); *State* v. *Lloyd,* supra, 206–208; *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980); see *State* v. *Moeller,* 178 Conn. 67, 72–73, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979); particularly a trial that may never take place. *State* v. *Lloyd,* supra, 208.

## II

The appeal being properly here, we next inquire whether the trial court erred when it dismissed the information against the defendant "without prejudice." Practice Book § 815[9] authorizes a motion to dismiss an

1201 (1987). The final judgment in a criminal case ordinarily is the imposition of sentence. *In re Juvenile Appeal (85–AB),* 195 Conn. 303, 306, 488 A.2d 778 (1985); *State* v. *Parker,* 194 Conn. 650, 652, 485 A.2d 139 (1984); *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

[9] "[Practice Book] Sec. 815. ——MATTERS TO BE RAISED

"The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information:

"(1) Defects in the institution of the prosecution including any grand jury proceedings;

"(2) Defects in the indictment or information including failure to charge an offense;

"(3) Statute of limitations;

"(4) Absence of jurisdiction of the court over the defendant or the subject matter;

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial;

"(6) Previous prosecution barring the present prosecution;

"(7) Claim that the defendant has been denied a speedy trial;

"(8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid; or

"(9) Any other grounds."

information for defenses or objections based on defects in the initiation of a prosecution, absence of jurisdiction, the presence of constitutional or statutory error that might obviate the necessity for a trial, or the lack of cause or evidence to justify the bringing or continuing of a prosecution. It also contains a provision that defenses or objections based on "[a]ny other grounds" may be raised by a motion to dismiss. Nowhere, however, does § 815 contain language that authorizes a motion to dismiss because of an attempt by the state to enter a nolle in a case.

The tenor and apparent purpose of § 815 is to authorize a motion to dismiss by a defendant for the specific reasons stated in that section or for any other grounds that constitute defects inherent in the initiation or prosecution of a criminal case that would prevent the state from successfully concluding a prosecution that it desires to continue. See *Tucker* v. *Board of Education,* 177 Conn. 572, 579 n.6, 418 A.2d 933 (1979); *Griffin* v. *Fancher,* 127 Conn. 686, 690, 20 A.2d 95 (1941); *Brown* v. *Congdon,* 50 Conn. 302, 309–10 (1882). Section 815 does not appear to contemplate or to apply to a "demand" to dismiss a prosecution pursuant to § 54-56b where the state itself has indicated an intention to terminate a prosecution by the entry of a nolle. Nor does § 815 authorize the state to move for a dismissal without prejudice where the attempted entry of a nolle is refused by the trial court. The "defenses or objections" referred to in § 815 which may be raised by a motion to dismiss under that section are "defenses or objections" which procedurally would be raised by a defendant to attack "the legality and appropriateness of the criminal prosecution before trial," in an attempt to terminate an otherwise viable prosecution. A. Spinella, supra, pp. 625–26.

With this in mind, we must determine whether Practice Book § 819,[10] the authority which, it was perceived, allowed the trial court the option of dismissing the information in this case either "with or without prejudice," applied to the "demand" to dismiss made by the defendant, pursuant to § 54-56b. Section 819 appeared under the same general heading of "Motion to Dismiss"; see Practice Book § 814; as does § 815 and, since there was no other framework within which to construe § 819, it must be construed in conjunction with § 815 and as having been complementary to it. See *Zapata* v. *Burns*, 207 Conn. 496, 504, 542 A.2d 700 (1988); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 422, 426 A.2d 1324 (1980). Section 815, however, as previously indicated, contains no provision for a motion to dismiss as the proper vehicle for a defendant to address an attempt by the state to enter a nolle, nor would a reasonable construction of that section assign it that task. We conclude, therefore, that § 819 which then authorized a judicial authority to enter a dismissal "with or without prejudice" in response to a defendant's "motion" under § 815 did not apply to a "demand" for a dismissal made pursuant to § 54-56b.

We believe that the only reasonable construction to be placed on § 54-56b is that it is sui generis and was enacted by the legislature in order to ensure finality

---

[10] "[Practice Book] Sec. 819. [MOTION TO DISMISS] —— EFFECT OF DETERMINATION

"If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."

Practice Book § 819 was deleted from the Practice Book effective October 1, 1987, but was in effect at the time this case was decided in the trial court.

to a criminal defendant when the state indicates that it is unable to proceed with a prosecution. That finality is achieved by allowing a defendant to "demand" a trial or a dismissal if the state attempts to enter a nolle and the state is unable to make the necessary representations to the court that would allow a nolle to enter. Finality, however, is not an attribute of a dismissal without prejudice. A dismissal without prejudice does not preclude the state from subsequently charging the defendant with the same crime and places an accused in essentially the same position as he or she would have been had a nolle entered.[11] Practice Book § 819; *State* v. *Lenczyk,* supra, 225–26 n.1; A. Spinella, supra, p. 628; see *State* v. *Gaston,* 198 Conn. 435, 440–41, 503 A.2d 594 (1986).

Although there is no helpful history pinpointing the intent of the legislature in enacting § 54-56b, it is reasonable to assume that its intention in enacting the statute was not to place a defendant in essentially the same position he or she would have been in had it never been enacted. Such an interpretation of the statute is contrary to the basic tenet of statutory construction that "the legislature acted 'to accomplish some purpose'; *Brown* v. *Cato,* 147 Conn. 418, 421, 162 A.2d 175 (1960)"; *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 204, 440 A.2d 286 (1982); and that " 'we may not presume that the legislature has enacted futile or meaningless legislation.' *Hartford Electric Light Co.* v. *Sullivan,* 161 Conn. 145, 152, 285 A.2d 352 (1971)." *Farricielli* v. *Personnel Appeal Board,* supra; *City Council* v. *Hall,* 180 Conn. 243, 251, 429 A.2d 481 (1980).

---

[11] The only difference between a nolle and a dismissal without prejudice is that a dismissal without prejudice results in the immediate erasure of records under General Statutes § 54-142a (c) while records are not erased until thirteen months after the entry of a nolle. See General Statutes § 54-142a (c).

We conclude, therefore, that the dismissal of a criminal prosecution by the trial court in response to a defendant's "demand" for a dismissal pursuant to § 54-56b is per se a dismissal with prejudice. Such a dismissal is a final judgment for purposes of appeal and precludes the state from initiating another prosecution for the same offense. Practice Book § 819; *State* v. *Ross,* 189 Conn. 42, 49–50, 454 A.2d 266 (1983); A. Spinella, supra, p. 628; see *State* v. *Curcio,* supra, 31. If the result seems harsh to the state, its resort is to the legislature. We can, however, discern no reasonable purpose in the enactment of § 54-56b other than to give a defendant the right to have a criminal charge disposed of with finality, which can only be achieved by a dismissal with prejudice. Such a construction of § 54-56b would be the only construction that will extricate a defendant from that judicial limbo to which he is exiled by the entry of a nolle prosequi or a dismissal without prejudice. See *State* v. *Lloyd,* supra, 207. It is the extrication of a defendant from such an uncertain situation that appears to be the aim of § 54-56b.

There is error, the judgment of dismissal without prejudice is set aside and the case is remanded to the trial court with direction to render a judgment of dismissal with prejudice.[12]

In this opinion the other justices concurred.

---

[12] The state also argued that, if this court determined that the trial court erred in dismissing the information against the defendant without prejudice, the case should be remanded to give the trial court another opportunity to consider the state's argument that the recantation of statements by the state's key witnesses should be equated to the disappearance of material witnesses and allow the entry of a nolle over the defendant's objection. See General Statutes § 54-56b; Practice Book § 726. The state, however, failed to file a preliminary statement presenting this issue for review and we decline to address it. Practice Book § 4013 (a).