[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT AND SET ASIDE SUMMARYJUDGMENT
On January 11, 1994, the court issued a Memorandum of Decision entering a summary judgment for the defendant City and held that the plaintiff was not entitled to indemnification from the defendant under General Statutes § 53-39a. The court held that the statute requiring a municipality to indemnify a member of its police department as a result of a criminal prosecution for a crime allegedly committed by an officer in the course of his duties is limited to the situation set forth in the statute, i.e., when "the charge is dismissed or the officer is found not guilty" and further holding that the statute did not apply when the underlying charges were disposed of by a nolle prosequi.
The plaintiff filed an appeal from the judgment entered as a result of the decision of January 11. Thereafter, the plaintiff filed a Motion to Dismiss the underlying criminal charges which CT Page 8337 were previously nolled by the court on January 24, 1991. The Motion to Dismiss was granted by the court on April 27, 1994. The plaintiff has now filed a Motion to Open the Judgment and Set Aside the Summary Judgment on January 11, 1994 and asserts that the April 1994 dismissal of the underlying criminal charges satisfies the requirements of General Statutes § 53-39a.
Although an appeal has been filed in the present case, the court determines that it has jurisdiction to entertain the present motion. See such cases as Clover Farms, Inc. v. Kielwasser,134 Conn. 622, 623 (1948); Thompson v. Towle, 98 Conn. 738, 741 (1923); and O'Bymachow v. O'Bymachow, 10 Conn. App. 76, 77 (1987).
The effect of the nolle entered on the underlying criminal charges on January 24, 1991, and the erasure of the records 13 months later, pursuant to General Statutes § 54-142a(c), was to terminate the criminal proceedings. State v. Herring, 209 Conn. 52,57 (1988), and cases therein cited. After the entry of a nolle, if the State decided to proceed against the plaintiff, a new prosecution would be required. Practice Book § 727. A nolled charge is not a pending proceeding. State v. Harris, 10 Conn. App. 217,235 (1987). Accordingly, there was no pending charge that could have been dismissed by the court in April of 1994 and the purported dismissal cannot satisfy the requirements of General Statutes § 53-39a.
The Motion to Open the Judgment and Set Aside the Summary Judgment is therefore denied.
Rush, J.