### STATE OF CONNECTICUT *v.* KWEKU J. HANSON (AC 22841)

Lavery, C. J., and Schaller and Flynn, Js.

Argued January 15—officially released January 16, 2003[1]

*Kweku J. Hanson,* pro se, the appellant (defendant).

*Ronald G. Weller,* assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Judy A. Stevens,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Kweku J. Hanson, was charged by information with assault in the third degree in violation of General Statutes § 53a-61 and failure to

[1] January 16, 2003, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

appear in the second degree in violation of General Statutes § 53a-173.[2] The charges stemmed from a domestic incident that allegedly occurred on July 18, 2001, between the defendant and Nicole Thompson. As a result of the incident, the defendant and Thompson were charged with misdemeanor assault offenses.

On February 20, 2002, the state entered a nolle on the assault charge, which was accepted by the court. The defendant objected and requested a dismissal of the charge. The court denied the defendant's motion to dismiss. The prosecutor did not make, or attempt to make, any representations that a material witness had died, disappeared or become disabled, or that material evidence had disappeared or had been destroyed, thereby requiring additional investigation. See General Statutes § 54-56b; Practice Book § 39-30.

The defendant argues, and the state concedes, that it was incorrect for the court to allow the nolle to enter over the defendant's objection without obtaining from the state the representations mandated by § 54-56b. See *State* v. *Herring*, 209 Conn. 52, 54–55, 547 A.2d 6 (1988). The only issue before this court is the proper remedy. The defendant argues that this court, using its supervisory powers, should directly dismiss the nolled assault charge.[3] The state contends that this case is controlled by *Herring* and, therefore, the appropriate remedy is to remand the matter to the trial court. We agree with the state.

---

[2] The court dismissed the charge of failure to appear on January 30, 2002.

[3] The defendant also claims that if this court does not dismiss the assault charge, it should transfer the case "to a different geographical area court for disposition." The defendant failed to provide meaningful analysis of that claim; therefore, we deem it abandoned. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Beverly*, 72 Conn. App. 91, 102, 805 A.2d 95, cert. denied, 262 Conn. 910, 810 A.2d 275 (2002).

In *Herring,* our Supreme Court concluded that it was plain error for the trial court to allow a nolle to enter over a defendant's objection unless the state made the required representation as required by § 54-56b. In discussing the appropriate remedy, the court stated: "That being so, we find error and *remand this matter to the trial court with instructions to allow the state the opportunity to make the requisite representations to allow the trial court to determine whether nolles should enter as to the charges in question. . . . If the state is unable or unwilling to make the requisite representations, the defendant is entitled to a dismissal of the charges or an immediate trial.*" (Citation omitted; emphasis added.) Id., 58–59. We conclude, therefore, that the present case is controlled by *Herring.*

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.