STATE OF CONNECTICUT *v.* STEPHEN J. WILLIAMS
(AC 26901)

Flynn, C. J., and Bishop and DiPentima, Js.

Argued September 24, 2007—officially released March 11, 2008

*Stephen J. Williams*, pro se, the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, former state's attorney, and, on the brief, *Adam B. Scott*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Stephen J. Williams, appeals from the judgments of the trial court denying his motions to dismiss and his motion for return of bond.[1] We dismiss the defendant's first claim as moot.

---

[1] The defendant also asserts that a pervasive pattern of judicial misconduct denied him the opportunity for a fair and impartial hearing. The defendant raises this claim for the first time on appeal, and we, therefore, decline to address it. See *Embalmers' Supply Co.* v. *Giannitti*, 103 Conn. App. 20, 61, 929 A.2d 729, cert. denied, 284 Conn. 931, 934 A.2d 246 (2007).

We affirm the judgment of the trial court as to his second claim.

On April 4, 2005, in accordance with a plea agreement, the defendant was granted accelerated rehabilitation for a charge of reckless driving in violation of General Statutes § 14-222. By the terms of the agreement, the defendant was given thirty days probation, which was completed on May 4, 2005, and on that date this charge was dismissed. Additionally, as part of the plea agreement, the state entered nolles on the remaining charges of failure to appear and driving while under suspension.

On May 26, 2005, the defendant filed motions to dismiss the charges for driving while under suspension and failure to appear, asserting that, in accordance with the plea agreement, they, too, should have been dismissed on May 4, 2005, when the reckless driving charge was dismissed. On May 27, 2005, the court denied both motions.[2] On June 9, 2005, the defendant filed a second motion for return of bond for the $250 cash bond that he had posted himself. The court denied the motion. This appeal followed.

Because mootness implicates this court's subject matter jurisdiction, we begin by addressing the state's claim in this regard. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the

---

[2] The motions to dismiss were denied by Judge Norko after he had recused himself in this matter. Because we dismiss this claim as moot, we do not reach the issue raised by the defendant on appeal regarding the fact that Judge Norko participated in this matter after recusing himself.

time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 766, 931 A.2d 378 (2007).[3]

The basis of the state's mootness claim is its assertion that, by operation of statute, the two charges that were nolled were dismissed thirteen months after the plea agreement. The state argues, as well, that the statute of limitations in this case has run, and, as a result, the defendant is in exactly the same position he would have been in had the court granted his motions to dismiss. We agree with the state.

Our Supreme Court has held that although nolles and dismissals have technically different meanings, they carry the same legal and practical effect. *Cislo* v. *Shelton*, 240 Conn. 590, 608, 692 A.2d 1255 (1997). The entry of a nolle followed by the lapse of the statutory period of thirteen months results in the mandatory erasure of the pertinent records pursuant to General Statutes § 54-142a (c). General Statutes § 54-142a (c) uses the term "nolle" in a "context that renders the provisions of § 54-142a (c) the functional equivalent of a dismissal. . . . This construction of § 54-142a (c) is also consistent with much of the general jurisprudence of nolles and dismissals. Although they have some doctrinal and procedural differences . . . in some legal respects they are treated as fungible. See, e.g., *State* v. *Gaston*, [198 Conn. 435, 440, 503 A.2d 594 (1986)] (nolle and dismissal treated same for purposes of speedy trial analysis); *See*

---

[3] This court has also dismissed portions of appeals, versus entire cases, as moot. See *Merry-Go-Round Enterprises, Inc.* v. *Molnar*, 10 Conn. App. 160, 162, 521 A.2d 1065 (1987).

v. *Gosselin*, 133 Conn. 158, 160–61, 48 A.2d 560 (1946) (nolle and dismissal treated same for purposes of subsequent action for malicious prosecution)." (Citation omitted.) *Cislo* v. *Shelton*, supra, 608–609.

Here, because the nolles were entered on April 4, 2005, and more than thirteen months have elapsed, the erasure statute has expunged any record of the defendant's arrest. Additionally, the statute of limitations has run, thereby precluding the state from reprosecuting the defendant.[4] The same result would have been obtained had the court dismissed the charges.[5] Accordingly, because there is no practical relief that we can afford the defendant, his claim that the court improperly denied his motions to dismiss is moot.[6]

The defendant's second claim is that his $250 cash bond posted in connection with the information in the first case charging him with reckless driving should have been returned to him. "The determination of an appropriate pretrial bond is a matter within the sound discretion of the trial court. . . . An appeal therefrom will be sustained only in the event that it appears that the trial court has exercised its discretion in so unrea-

---

[1] Although we acknowledge that the statute of limitations is an affirmative defense, not a jurisdictional bar to prosecution; *State* v. *Herring*, 209 Conn. 52, 58, 547 A.2d 6 (1988); under the circumstances of this particular case, in which the state has acknowledged that the statute of limitations has run and it is, consequently, barred from reprosecuting the defendant, the nolle is the functional equivalent of a dismissal.

[5] In his reply brief, the defendant claims that a dismissal would allow him to pursue a claim in the federal courts for unlawful arrest or malicious prosecution, whereas a nolle does not. Because this claim is raised for the first time in his reply brief, we decline to address it. See *Grimm* v. *Grimm*, 276 Conn. 377, 393–94 n.19, 886 A.2d 391 (2005) ("[c]laims . . . are unreviewable when raised for the first time in a reply brief"), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006).

[6] Even if we were to conclude that the defendant's claim is not moot, because the defendant did not object to the nolles at the time they were entered, and, in fact, the nolles were part of a plea bargain between the defendant and the state, he has waived any claim that the charges should have been dismissed. See General Statutes § 54-56b.

sonable a manner as to constitute an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *McDowell*, 241 Conn. 413, 415, 696 A.2d 977 (1997).

The following additional facts are relevant to the defendant's claim. The defendant failed to appear before the court twice. On the second occasion, the court indicated that the defendant had another failure to appear in another court, that he had failed to appear for trial and that there was a jury in the building for selection for his trial. In denying his motion for return of bond, the court did not make a finding that the defendant's failure to appear was not wilful, and the defendant did not seek an articulation as to the reasoning of the court's decision. In light of the foregoing, we cannot conclude that the court abused its discretion in denying the defendant's motion for return of bond.

The appeal is dismissed as to the denial of the defendant's motions to dismiss and the judgment in the first case is affirmed.

In this opinion DiPENTIMA, J., concurred.

FLYNN, C. J., concurring. I agree with the majority that the defendant, Stephen J. Williams, cannot prevail on his claim that he was entitled to a dismissal pursuant to General Statutes § 54-56b. I reach that conclusion, however, on grounds different from those relied on by the majority. The record is clear that the defendant made a plea agreement to accept a nolle on the remaining charges, and he did not object to the nolle "at the time it [was] offered" as is required under Practice Book § 39-30.[1]

---

[1] Practice Book § 39-30 provides: "Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi *at the time it is offered* by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting

He demanded neither a dismissal nor an immediate trial. Rather, he accepted the plea agreement on the record and specifically acknowledged that these were the terms of the plea agreement. He, therefore, has waived any right to a dismissal of the charges under § 54-56b.

I write separately because our Supreme Court determined in *Cislo* v. *Shelton*, 240 Conn. 590, 598, 692 A.2d 1255 (1997), only that a nolle was the equivalent of a dismissal for purposes of triggering provisions of an indemnity statute, General Statutes § 53-39a, requiring that police officers be reimbursed for their attorney's fees in certain circumstances where criminal charges against them are dismissed or the officers are found not guilty. The case did not involve a defendant's constitutional right against double jeopardy or his right under § 54-56b to demand a trial or a dismissal, and, therefore, I would not rely on *Cislo* as persuasive precedent for the present case.

Our Supreme Court made it plain in *State* v. *Herring*, 209 Conn. 52, 57–58, 547 A.2d 6 (1988), that "[e]ven if the statute of limitations as to . . . misdemeanors were to expire and the erasure statute become operative to deprive the state of access to records concerning [those] charges so as to render reinitiation of prosecution difficult or improbable, reinitiation of prosecution is not impossible." The court went on to explain that "[t]he statute of limitations is an affirmative defense, not a jurisdictional bar to prosecution . . . and the erasure statute does not foreclose the utilization of the personal and independent observation of witnesses to initiate a new prosecution." (Citation omitted.) Id., 58.

The court reasoned that "the effect of the entry of the nolles was only to terminate this particular prosecution

authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." (Emphasis added.)

without an acquittal and without placing the defendant in jeopardy, [and, therefore] he remains vulnerable to reinstatement of a prosecution against him." Id., 57. The court did not hold the issue moot, even where the statute of limitations had run on the underlying misdemeanor charges and the erasure statute had become effective. Accordingly, I do not agree with the majority that a nolle and a dismissal carry "the same legal and practical effect."