******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., with whom ROBINSON, C. J., and ECKER, J., join, dissenting. I disagree with this court's ruling denying the defendant's motion for permission to file a late appeal. In my view, there is good cause that justifies permitting the defendant, Erick Malone, to file a late appeal from the trial court's denial of his motion to dismiss the criminal charges against him in a preceding prosecution after that court accepted the state's entry of a nolle prosequi. I believe that the trial court's ruling created an objectively reasonable basis for confusion regarding whether the court was rendering a final judgment when it articulated on the record its skepticism about the propriety of the nolle, leading the court to indicate that it was denying the motion to dismiss "without prejudice." I would grant the defendant's motion for permission to file a late appeal and address that appeal on the merits. Accordingly, I respectfully dissent.

I will assume familiarity with the facts and procedural history of this case, as detailed in *State* v. *Malone*, 346 Conn. 552, A.3d (2023). My disagreement with the court's order centers on my determination that the defendant has demonstrated good cause to file his late appeal, as required by Practice Book § 60-2 (5), by establishing that the trial court's statements can reasonably be said to have created confusion regarding whether its denial of his motion to dismiss was a final judgment. See *Georges* v. *OB-GYN Services, P.C.*, 335 Conn. 669, 691, 240 A.3d 249 (2020) ("an objectively reasonable mistake of law may constitute good cause for filing a late appeal"). As I explained in my concurring and dissenting opinion in *Georges*, "an objectively reasonable basis for confusion, uncertainty or mistake about when the appeal period has run, or whether the appeal period has been tolled, must weigh heavily in an appellate court's determination of whether 'good cause' justifies permitting a late appeal." Id., 706 (*D'Auria, J.*, concurring in part and dissenting in part).

The events that transpired in the present case were, in my view, sufficiently susceptible to confusion as to constitute "good cause" and to justify the defendant's late appeal. Specifically, the trial court explicitly denied the defendant's motion to dismiss "without prejudice." Although it is settled law that the entry of a nolle terminates a prosecution; see *State* v. *Smith*, 289 Conn. 598, 611, 960 A.2d 993 (2008); and that the trial court's denial of a defendant's motion to dismiss after accepting the

nolle constitutes a final judgment for purposes of appeal; see *State* v. *Lloyd*, 185 Conn. 199, 208, 440 A.2d 867 (1981); from my review of case law, it does not appear commonplace for a trial court to explicitly include the phrase "without prejudice" when *denying* a defendant's motion to dismiss criminal charges after the acceptance of a nolle.[1] See *State* v. *Smith*, supra, 611–12. See generally *State* v. *Winer*, 286 Conn 666, 945 A.2d 430 (2008); *State* v. *Herring*, 209 Conn. 52, 547 A.2d 6 (1988); *State* v. *Lloyd*, supra, 199. By definition, the phrase "without prejudice" means "[w]ithout loss of any rights" and "in a way that does not harm or cancel the legal rights or privileges of a party . . . ." Black's Law Dictionary (11th Ed. 2019) p. 1919. In other words, when a motion is denied without prejudice, the ruling implies that the party may raise that claim again at a later time. In fact, that is precisely what the trial court said after its ruling: "[S]o you can raise this again, and that's where we'll stand." Given the trial court's statements in accepting the state's nolle under the missing witness statute, General Statutes § 54-56b, and in denying the defendant's motion to dismiss, it is not obvious to me when that later time would be.

Even if the trial court's "without prejudice" remark did not itself create confusion, the court went on to state that, if "this case is reinstituted at some later point, I think there are some significant issues as to whether or not that should be allowed . . . ." Here, too, it is not precisely clear what the court was referring to in this statement, but when the prosecutor then indicated that, "at this point, we have no leads [to locate the missing witnesses] . . . and [we need to] see if we can find any other avenues," the court responded, stating that "there are a few issues we're all concerned about. . . . [I]f you, at some later date, come up with witnesses, particularly in the face of a speedy trial and all the proceedings to this point, there's some real issues, but that's where I'm leaving it right now." I believe it was objectively reasonable to interpret Judge Roland D. Fasano's ruling to mean that, if a second prosecution was brought, the defendant would be able to challenge, among other things, whether the reasons the state offered in support of the material witness nolle were pretextual on the grounds that the missing witnesses were not material and that the state was merely looking for more time to develop its case, in contravention of his speedy trial rights.

Indeed, the defendant attempted to "raise . . . again" the "significant" and "real" issues that Judge

Fasano appeared to be troubled by, "particularly in the face of a speedy trial [motion]," when the defendant moved to dismiss the second prosecution. The defendant claimed that the state had violated his rights to a speedy trial not only because the missing witnesses from the first prosecution were not material, but also because the state used the nolle to extend the time to develop its case, intentionally delaying the trial. However, by the time the defendant's second motion to dismiss was heard,[2] a different judge, Judge Frank A. Iannotti, was presiding over the defendant's case, and he denied the second motion to dismiss, explaining that, "in terminating the first prosecution by accepting the nolle prosequi, Judge Fasano was entitled to rely on the state's representations that there were two material witnesses who had disappeared." *State* v. *Malone*, supra, 346 Conn.      . Whether this ruling was legally correct is not the point at this stage in the proceedings. At this juncture, we are asked to decide only whether to grant the defendant's motion for permission to file a late appeal from Judge Fasano's ruling. Objectively speaking, Judge Iannotti's ruling does not plainly reflect the sort of review of the "significant issues" Judge Fasano had observed to attend the state's nolle of the first prosecution when Judge Fasano denied the defendant's first motion to dismiss "without prejudice."

As a result, I believe that Judge Fasano's statement regarding "significant issues," coupled with his explicit ruling that the defendant's motion was denied without prejudice, created an "objectively reasonable basis for confusion"; *Georges* v. *OB-GYN Services, P.C.*, supra, 335 Conn. 706 (*D'Auria, J.*, concurring in part and dissenting in part); regarding whether the defendant could challenge the entry of the nolle at a future time and implied that the trial court had continuing jurisdiction over the first prosecution. Therefore, I would grant the defendant's motion for permission to file a late appeal, and, thus, I believe this court should address the merits of the defendant's appeal.[3]

Accordingly, I respectfully dissent.

[1] Before the judges of the Superior Court amended the rules of practice in 1987, the rules required the trial court to indicate when *granting* a motion to dismiss whether that dismissal was with or without prejudice. See Practice Book (1986) § 819 ("[i]f the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice"). It appears that this rule was applied to orders granting motions to dismiss filed in response to the state's entering a nolle prosequi. See *State* v. *Talton*, 209 Conn. 133, 136–38, 547 A.2d 543 (1988). In *Talton*, however, this court held that the now repealed § 819 did not apply to these kinds of rulings because the granting of such a motion necessarily must be with prejudice. Id., 140–42. Moreover, even during the time § 819 was applied to the *granting* of these kinds of motions before this court's holding in *Talton*, no such rule

existed that we can locate for the *denial* of a motion to dismiss, let alone a denial of a motion to dismiss filed in response to the court's acceptance of a nolle prosequi.

[2] In the meantime, the defendant had to retain substitute private counsel in lieu of Attorney Tara L. Knight for the second prosecution. Substitute counsel then had to withdraw from the case, and the defendant then applied for and was granted a public defender to represent him.

[3] Because the majority does not reach the merits of the defendant's appeal, neither do I. See *Georges* v. *OB-GYN Services*, *P.C.*, supra, 335 Conn. 697 (*D'Auria*, *J.*, concurring in part and dissenting in part). Nevertheless, as to the defendant's speedy trial claim, I note that, although the first prosecution is terminated, that does not mean he cannot raise a speedy trial claim on appeal from the second prosecution in the event of his conviction. And, if he does, nothing prevents him from arguing that the state's actions in the first prosecution should inform any appellate review of the rejection of his speedy trial claim in the second prosecution. However, I express no opinion about the strength of such an argument.