### ALEXANDER CISLO *v.* CITY OF SHELTON
### (13249)

Lavery, Heiman and Schaller Js.

Argued September 28, 1995—decision released March 26, 1996

*David Monastersky*, with whom, on the brief, were *Mary Beattie Schairer, Hugh F. Keefe, Donn A. Swift*, and *Susan McAlpine*, for the appellant (plaintiff).

*Thomas J. Welch*, with whom was *John H. Welch, Jr.*, for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court, rendered in favor of the defendant, after the granting of the defendant's motion for summary judgment. On his appeal as amended, the plaintiff claims that the trial court improperly (1) granted the defendant's motion for summary judgment and (2) denied the plaintiff's motion to open the judgment and to set aside the summary judgment. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On October 12, 1989, the plaintiff, a Shelton police officer, was arrested and charged with the sexual assault of a police informant. Subsequent to the arrest of the plaintiff, the informant disappeared. On January 24, 1991, the assistant state's attorney entered a nolle prosequi in open court in the criminal action against the plaintiff.[1]

---

[1] Practice Book §§ 725 and 727 and General Statutes § 54-142a (c) address the entry and effect of a nolle prosequi. Concerning the entry of a nolle, Practice Book § 725 provides: "A prosecuting authority shall have the power to enter a nolle prosequi in a case. It shall be entered upon the record after

The assistant state's attorney entered the nolle because of the disappearance of the informant. The plaintiff's counsel in the criminal action objected to the entry of the nolle and moved to dismiss the case. The trial court declined to dismiss the case and accepted the entry of the nolle pursuant to Practice Book § 726.[2]

On March 4, 1992, the plaintiff brought an action against the defendant pursuant to General Statutes § 53-39a,[3] seeking indemnification for the economic losses he incurred in the defense of the criminal charges

---

a brief statement by the prosecuting authority in open court of the reasons therefor." Concerning the effect of a nolle, Practice Book § 727 provides: "The entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." Furthermore, General Statutes § 54-142a (c) provides in relevant part: "Whenever any charge in a criminal case has been nolled in the superior court, or in the court of common pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased. . . ."

[2] Practice Book § 726 provides: "Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi at the time it is offered by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." See also General Statutes § 54-56b, which provides: "A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to the prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[3] General Statutes § 53-39a provides in relevant part: "Whenever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred."

brought against him. Subsequent to the filing of the complaint, the plaintiff and the defendant filed cross motions for summary judgment. On January 11, 1994, the trial court, *Rush, J.*, denied the plaintiff's motion for summary judgment and granted the defendant's cross motion. In its memorandum of decision regarding the cross motions for summary judgment, the trial court determined that the plaintiff was not entitled to relief under § 53-39a. The trial court found as a matter of law that the plaintiff was not entitled to relief because § 53-39a provides for indemnification only where the criminal charges against a police officer are dismissed or where the officer is found not guilty, and that here, the underlying criminal action against the plaintiff was terminated by the entry of a nolle prosequi. On January 27, 1994, judgment was rendered in favor of the defendant and this appeal followed. In his initial appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment.

On April 16, 1994, during the pendency of his appeal, the plaintiff filed a motion in the trial court seeking to dismiss the criminal charges against him that had previously been nolled. On April 27, 1994, the trial court in the criminal action, *Skolnick, J.*, granted the motion to dismiss. On May 3, 1994, the plaintiff filed a motion in the trial court to open the judgment and to set aside the summary judgment in the present action, claiming that the recent dismissal of the nolled criminal charges made him eligible for indemnification under § 53-39a. On August 19, 1994, the trial court in the civil action, *Rush, J.*, denied the plaintiff's motion to open and found that because the criminal charges against the plaintiff had been nolled, they were no longer pending and could not have been properly dismissed for the purpose of seeking indemnification under § 53-39a. On September 7, 1994, the plaintiff filed an amendment to his appeal,

adding the claim that the trial court improperly denied the plaintiff's motion to open the judgment and to set aside the summary judgment.

I

The plaintiff first claims that the trial court improperly granted the defendant's motion for summary judgment. The plaintiff posits that the trial court, in granting the defendant's motion for summary judgment, improperly determined that § 53-39a does not provide for indemnification where criminal charges against a police officer have been nolled. We are unpersuaded.

We first set forth our standard of review. "The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991). Here, the facts are not in dispute. The plaintiff's claim is that the trial court improperly construed § 53-39a in granting the defendant's motion for summary judgment. "The dispute between the parties here does not arise out of contested versions of the facts, but out of the legal significance of the facts as they relate to relevant statutory definitions." *Pinheiro* v. *Board of Education*, 30 Conn. App. 263, 268, 620 A.2d 159 (1993). Thus, the question before us is whether the defendant was " 'entitled to judgment as a matter of law.' " *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987).

In deciding whether the defendant was entitled to judgment as a matter of law, we must determine whether the trial court was correct when it found that § 53-39a does not provide for indemnification where

criminal charges against a police officer have been nolled. In making this determination, we must engage in statutory construction.

We begin with the text of § 53-39a.[4] "That statute affords a police officer a right of indemnity for economic loss incurred for a prosecution 'for a crime allegedly committed by such officer in the course of his duty as such' if 'the charge is dismissed or the officer found not guilty.' " *Rawling* v. *New Haven*, 206 Conn. 100, 104, 537 A.2d 439 (1988). Thus, "any person who invokes § 53-39a must sustain a twofold burden of proof. In order to receive indemnity, a police officer must prove not only that the charges against him were dismissed, or that he was acquitted, but also that the charges arose in the course of his duty as a policeman." (Internal quotation marks omitted.) Id., 106. Whether the plaintiff was acting in the course of his duty is not in issue here. The plaintiff claims that the entry of a nolle prosequi is included "under the umbrella" of the term "dismissal" for the purposes of § 53-39a, thereby making him eligible for indemnification. The plaintiff posits that because § 53-39a should be construed in that way, the trial court's rendering of summary judgment in favor of the defendant was improper.

"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. *United Illuminating Co.* v. *Groppo*, 220 Conn. 749, 755, 601 A.2d 1005 (1992). It is a well established rule of statutory construction that when the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 193, 530 A.2d 171 (1987). . . . Courts should not read into clearly expressed legislation provisions which do not

---

[4] See footnote 3.

find expression in its words. *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.*, 207 Conn. 639, 645, 541 A.2d 869 (1988)." (Internal quotation marks omitted.) *Berry* v. *Loiseau*, 223 Conn. 786, 830–31, 614 A.2d 414 (1992).

In construing § 53-39a in particular, our Supreme Court has followed the well settled rule that "[s]tatutes that abrogate or modify governmental immunity are to be strictly construed. *Struckman* v. *Burns*, 205 Conn. 542, 558, 534 A.2d 888 (1987); *Ahern* v. *New Haven*, 190 Conn. 77, 82, 459 A.2d 118 (1983). This rule of construction stems from 'the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction.' *Edmundson* v. *Rivera*, 169 Conn. 630, 633, 363 A.2d 1031 (1975); see also *Dennis* v. *Shaw*, 137 Conn. 450, 452, 78 A.2d 691 (1951)." *Rawling* v. *New Haven*, supra, 206 Conn. 105.

In light of the above principles, we decline to extend the language of § 53-39a to provide for indemnification where a nolle prosequi has been entered by the prosecuting authority. The language of § 53-39a is plain and unambiguous. The statute clearly provides that in order to qualify for indemnification, the plaintiff must prove either that the charges against him were dismissed or that he was found not guilty. Id., 106. The entry of a nolle prosequi is neither a dismissal nor a verdict of not guilty. "The state's right to terminate a prosecution by the entry of a nolle prosequi has its origins in practices recognized at common law. The effect of a nolle prosequi is to end pending proceedings without an acquittal and without placing the defendant in jeopardy. *Bucolo* v. *Adkins*, 424 U.S. 641, 642, 96 S. Ct. 1086, 47 L. Ed. 2d 301 (1976); see *United States* v. *Jorn*, 400 U.S. 470, 479, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971); 4 Wharton,

Criminal Procedure (12th Ed. 1976) § 518." *State* v. *Lloyd*, 185 Conn. 199, 201, 440 A.2d 867 (1981); see also Practice Book § 727. After the entry of a nolle, "the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." Practice Book § 727. Furthermore, thirteen months after the entry of the nolle, all records of the arrest and prosecution of the defendant are erased. General Statutes § 54-142a (c).

Following our Supreme Court's opinion in *Link* v. *Shelton*, 186 Conn. 623, 627, 443 A.2d 902 (1982), we are further guided by General Statutes § 1-1 (a)[5] in construing § 53-39a according to its plain language. Under § 1-1 (a), specialized legal terms are to be construed according to their proper meaning as understood in the law. The terms "dismissed" and "not guilty" are "term[s] of art, or technical phrase[s], [each with] a 'peculiar and appropriate meaning in the law'. . . ." *Link* v. *Shelton*, supra, 627, quoting General Statutes § 1-1 (a). We therefore must construe each term in accordance with such meaning. General Statutes § 1-1 (a); see also *Link* v. *Shelton*, supra, 627. Neither the meaning of the term "dismissed" nor the meaning of the term "not guilty" includes the entry of a nolle prosequi.[6]

Were we to extend § 53-39a to include the entry of a nolle prosequi as an alternative prerequisite to seeking indemnification, we would be presuming that the legislature either mistakenly omitted the entry of a nolle

[5] General Statutes § 1-1 (a) provides: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly."

[6] Contrary to the suggestion of the dissent, we decline to apply the definition of "dismissal" set forth in General Statutes § 54-142g (g) to General Statutes §§ 53-39a and 54-142a. Section 54-142g, by its own terms, applies only to General Statutes §§ 29-11, 54-142c and 54-142g through 54-142p.

from the parameters of the statute or was unaware of the difference between a nolle and a dismissal at the time of the drafting of § 53-39a. The legislature, however, is presumed to know the existing state of the law when it enacts a statute, and we will not presume otherwise. *State* v. *Dabkowski,* 199 Conn. 193, 201, 506 A.2d 118 (1986). We will not broaden the scope of § 53-39a by exercising an option available to the legislature, but that the legislature has declined to exercise. "As we have stated in numerous other cases, 'it is not the province of a court to supply what the legislature chose to omit. The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms.' *Federal Aviation Administration* v. *Administrator,* [196 Conn. 546, 550, 494 A.2d 564 (1985)]; *In re Petition of State's Attorney, Cook County, Illinois,* 179 Conn. 102, 107, 425 A.2d 588 (1979); *Weingarten* v. *Allstate Ins. Co.,* 169 Conn. 502, 507–508, 363 A.2d 1055 (1975)." *Glastonbury Co.* v. *Gillies,* 209 Conn. 175, 181, 550 A.2d 8 (1988).

We understand that in recognizing the independent meaning of the term "nolle prosequi" in contrast to the meanings of the terms "dismissal" and "not guilty," the scope of the indemnification remedy under § 53-39a remains limited. See *Rawling* v. *New Haven,* supra, 206 Conn. 112. We must conclude, however, that the legislature intended such a limitation. See id. It is worth repeating that "[n]ot only do we strive to attach independent meaning to every phrase contained in a legislative enactment; *DeFonce Construction Corporation* v. *State,* [198 Conn. 185, 187, 501 A.2d 745 (1985)]; *State* v. *Milum,* 197 Conn. 602, 619, 500 A.2d 555 (1985); we also are bound to construe narrowly any statute that modifies or abrogates governmental immunity. *Ahern* v. *New Haven,* [190 Conn. 77, 82, 459 A.2d 118 (1983)]." *Rawling* v. *New Haven,* supra, 112–13. Guided by these principles, we decline to construe § 53-39a to provide

for indemnity where the state's attorney has entered a nolle prosequi in the prosecution of a police officer for a crime allegedly committed by such officer in the course of his duty. Therefore, because the plaintiff's criminal case was terminated by the entry of a nolle prosequi, the trial court properly granted the defendant's motion for summary judgment.

## II

The plaintiff next claims that the trial court improperly denied his motion to open the judgment and to set aside the summary judgment rendered in favor of the defendant. The plaintiff argues that even though the criminal charges against him were nolled, the subsequent dismissal of those charges served to qualify him for indemnification under § 53-39a, and therefore, the judgment rendered against him should have been opened. We do not agree.

Our standard of review of a trial court's motion to open is well settled. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale*, 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey*, 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting*, 162 Conn. 1, 11, 291 A.2d 240 (1971); *E. M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959). *Celanese Fiber, Division of Celanese of Canada, Ltd.* v. *Pic Yarns, Inc.*, [184 Conn. 461, 466–67, 440 A.2d 159 (1981)]. *Acheson* v. *White*, 195 Conn. 211, 214–15, 487 A.2d 197 (1985). *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985). The manner in which [this] discretion is exercised will not be dis-

turbed so long as the court could reasonably conclude as it did. *DiPalma* v. *Wiesen*, 163 Conn. 293, 298, 303 A.2d 709 (1972); *E. M. Loew's Enterprises, Inc.* v. *Surabian*, [supra, 611]. *Ridolfi* v. *Ridolfi*, 178 Conn. 377, 379, 423 A.2d 85 (1979). . . . *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990)." (Internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992). Applying this standard of review, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to open the judgment.

In denying the plaintiff's motion to open, the trial court determined that because the prosecution of the plaintiff had been terminated by the entry of a nolle prosequi, the charges against him could not be dismissed for the purpose of qualifying him for indemnification under § 53-39a. We agree with the reasoning of the trial court. The entry of a nolle prosequi terminates the prosecution without an acquittal and without placing the defendant in jeopardy, and thereafter, the defendant is released from custody. *State* v. *Lloyd*, supra, 185 Conn. 201; Practice Book § 727. Thirteen months after the entry of the nolle prosequi, all records of the arrest and prosecution are erased. General Statutes § 54-142a (c). If after the entry of the nolle prosequi the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated; Practice Book § 727; regardless of whether the erasure statute has become operative. *State* v. *Herring*, 209 Conn. 52, 57–58, 547 A.2d 6 (1988). Thus, "[u]pon entry of a nolle, the individual concerned is no longer a defendant in a criminal case. He stands accused of no crime and his release is unconditional." *State* v. *Gaston*, 198 Conn. 435, 441, 503 A.2d 594 (1986).

In accordance with the above principles, the plaintiff "was not under arrest, not in custody, and not subject to any criminal prosecution" after the entry of the nolle

prosequi. (Internal quotation marks omitted.) Id. Consequently, no criminal charges were pending against the plaintiff that could have been dismissed for the purpose of qualifying him for indemnification under § 53-39a.[7] Therefore, the trial court did not abuse its discretion in denying the plaintiff's motion to open the judgment and to set aside the summary judgment.

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion, which affirms the judgment of the trial court granting the defendant's motion for summary judgment. I believe that the majority's construction of General Statutes § 53-39a undermines the statute's purpose of indemnifying police officers who are wrongfully accused of a crime allegedly committed while in the performance of their duties. I disagree with the majority for the reasons hereinafter set forth, because I believe a manifest injustice will be done to the plaintiff by affirming the trial court.

The majority holds that a police officer who is charged with a crime allegedly committed during the performance of his duties can never qualify for indemni-

---

[7] We note that in State v. Lloyd, supra, 185 Conn. 205–206, our Supreme Court held that after the entry of a nolle prosequi, the trial court retains limited jurisdiction over the case to hear a motion to dismiss based on the alleged denial of the right to a speedy trial. Moreover, Lloyd assumed, a fortiori, that such a motion to dismiss based on speedy trial grounds must be properly raised before the entry of a nolle. State v. Gaston, supra, 198 Conn. 443. The record before us does not indicate that the plaintiff, before the entry of the nolle, moved to dismiss the criminal charges against him based on the denial of his right to a speedy trial. Furthermore, the plaintiff does not claim on appeal that he was denied the right to a speedy trial in the criminal case against him. We decline to extend the scope of Lloyd by holding that the trial court in the plaintiff's criminal case retained jurisdiction to dismiss the charges against the plaintiff for the purpose of qualifying him for indemnification under § 53-39a.

fication under General Statutes § 53-39a if the case was nolled under the missing witness section of Practice Book § 726 and General Statutes § 54-56b and subsequently erased thirteen months later. The majority concludes that such an officer is not entitled to indemnification because the case against the officer was never *dismissed*. The majority also holds that a trial court cannot dismiss a criminal charge that has been nolled under the missing witness section of § 726 and erased after thirteen months pursuant to General Statutes § 54-142a (c).

I

Section 53-39a affords a police officer a right of indemnity for economic loss incurred for a prosecution of a crime allegedly committed by the officer in the course of his duty, if the charge is dismissed or the officer found not guilty. *Rawling* v. *New Haven*, 206 Conn. 100, 104, 537 A.2d 439 (1988). We are concerned here only with the meaning of the phrase if "the charge is dismissed." General Statutes § 53-39a. I believe the majority was not correct in finding that the entry of a nolle prosequi is not included "under the umbrella" of the term "dismissal" for the purposes of § 53-39a.

In the underlying criminal case, a nolle prosequi was entered pursuant to Practice Book § 725.[1] The plaintiff objected to the entering of a nolle prosequi at that time and demanded a dismissal. The trial court denied the plaintiff's objection and based its decision solely on the missing witness provision of Practice Book § 726.[2] I

---

[1] Practice Book § 725 provides: "A prosecuting authority shall have the power to enter a nolle prosequi in a case. It shall be entered upon the record after a brief statement by the prosecuting authority in open court for the reasons therefor."

[2] In rendering its decision on the plaintiff's objection, the trial court stated:

"The Court: Under § 726 of the Practice Book, it deals with this situation, and provides that a defendant may object to the entering of a nolle at the time a nolle is offered by the prosecutor and can demand either a trial or dismissal. It says except under certain circumstances. One of them is a

conclude that the legislative intent and purpose is served only by constructing § 53-39a such that a nolle entered pursuant to the missing witness provision of § 726 is included in the definition of dismissal.

"In construing statutes, our goal is to discern and give effect to the apparent intent of the legislature. See *State* v. *Kozlowski*, 199 Conn. 667, 673, 509 A.2d 20 (1986); *Hayes* v. *Smith*, 194 Conn. 52, 57, 480 A.2d 425 (1984). In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *Frillici* v. *Westport*, 231 Conn. 418, 431–32, 650 A.2d 557 (1994); *Fleming* v. *Garnett*, 231 Conn. 77,

representation to the judicial authority by the prosecuting attorney that a material witness has disappeared. There are other grounds as well. As I read the Practice Book rule, even if I were inclined to dismiss the case, I don't know I could do so in view of the fact that the state is not consenting to a dismissal. *If the state were to consent to a dismissal, I would grant it.* I understand what Mr. Keefe has said here. And I, for one, have sympathy with what he said. I'm familiar with this case somewhat. As you indicated, Mr. Keefe, the civil case has come before me and I entered an order there that that case is dismissed unless the complaining plaintiff in that case, the complaining witness in this case . . . completes, I think it was failure to plead a deposition?

"Mr. Keefe: Yes.

"The Court: I don't think under the Practice Book rule I can dismiss the case. *And, otherwise, I would probably be inclined to do so based on what you've said.* But I think the Practice Book rule has to be followed. So I cannot at this point dismiss the case. Obviously, if the state nolles the case, the matter is going to have to come back if this woman shows up and attempts to prosecute the matter further. It's going to have to come in on another application for a warrant. And while I've taken a cursory look at the arrest warrant here, it's a fairly lengthy one, I can see why, without having the benefit of the other information you've recited here this morning and stated in your motion, why the judge that signed that warrant did so at the time. I'm sure that neither he, and certainly not I, would sign another warrant if the state brings the matter back. So a nolle may stand. For the reasons stated, I cannot grant the motion to dismiss." (Emphasis added.)

91–92, 646 A.2d 1308 (1994); *State* v. *Metz*, 230 Conn. 400, 409, 654 A.2d 965 (1994); *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 764, 628 A.2d 1303 (1993)." (Internal quotation marks omitted.) *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 581, 668 A.2d 688 (1995).

The obvious purpose of § 53-39a is to indemnify a police officer who is wrongfully accused of a crime allegedly committed while in the performance of his duties. Section 53-39a was enacted by Public Acts 1973, No. 73-627, and, at that time, Practice Book § 819[3] set out the difference between a dismissal with prejudice and a dismissal without prejudice. When enacting § 53-39a, the legislature did not distinguish between a dismissal with prejudice and a dismissal without prejudice. The statute provided, as it does now, that an officer shall be indemnified if "the charge is dismissed."

There was no practical difference between a dismissal without prejudice and a nolle. Practice Book § 727, in discussing nolles prosequi, provides: "The entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." In *State* v. *Talton*, 209 Conn. 133, 141 n.11, 547 A.2d 543 (1988), and *State* v. *Gaston*, 198 Conn. 435, 440–41, 503 A.2d 594 (1986), our Supreme Court recognized that the only difference between a dismissal and a nolle is the time of erasure. Under General Stat-

---

[3] Practice Book § 819, which was repealed on October 1, 1987, provided: "If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."

utes § 54-142a (b), the records of an arrest are immediately erased on a dismissal, whereas, when a nolle is entered, the records of the arrest are erased thirteen months after its entry. General Statutes § 54-142a (c).

In *State* v. *Lenczyk*, 11 Conn. App. 224, 225, 526 A.2d 554 (1987), we said: "Because more than thirteen months have passed since the nolles were entered, the erasure provisions of General Statutes § 54-142a apply to this case. This statute requires that all criminal records of a nolled charge be erased after thirteen months from the entry of the nolle. General Statutes § 54-142a (c). The statute also prohibits the court clerk or any other person controlling the records from disclosing any information regarding the erased charge. General Statutes § 54-142a (e). That statute further provides that: 'Any person who shall have been the subject of such erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath.' General Statutes § 54-142a therefore prevents the state from reactivating the nolled charges in this case and places the defendant in essentially the same position as he would be in had the court granted his motion to dismiss."

In a footnote, we further observed that "[t]he defendant did not seek in the trial court to have the charges dismissed with prejudice. Had the defendant sought and the court granted such relief, the state would be precluded from prosecuting the defendant for the same offense or offenses. Practice Book § 819.[4] The granting of a motion to dismiss without prejudice, however, does not preclude the state from charging the defendant in a new information with the same offenses within the applicable statute of limitations. Id. Under the present posture of this case, the defendant is essentially in the same position as he would be in had the court dismissed

---

[4] See footnote 3.

the charges without prejudice. See Practice Book § 727." *State* v. *Lenczyk*, supra, 11 Conn. App. 225–26 n.1.

Dismissal is not defined by the statute or explained by the legislative history. "As a term of art or a technical phrase it has 'a peculiar and appropriate meaning in the law' and 'shall be construed and understood accordingly.' General Statutes § 1-1 (a). See 2A Sutherland, Statutes and Statutory Construction (4th Ed. Sands 1973) § 47.29." *Link* v. *Shelton*, 186 Conn. 623, 627, 443 A.2d 902 (1982). Because the statute does not define the word "dismissal," we must look elsewhere for the meaning. We may look to the meaning given the word in other statutes and consider that where the legislature uses the same word, it intends the same meaning. *Link* v. *Shelton*, supra, 627; 2A J. Sutherland, supra, § 53.03.

General Statutes § 54-142g (g)[5] provides: " 'Dismissal' means (1) *prosecution of the charge against the accused was declined pursuant to rules of court or statute*; or (2) the judicial authority granted a motion to dismiss pursuant to rules of court or statute; or (3) the judicial authority found that prosecution is no longer possible due to the limitations imposed by section 54-193." (Emphasis added.) There is no question that the state declined to prosecute under Practice Book § 726 and General Statutes § 54-56b.

As previously noted; see footnote 5; § 54-142g is applicable to General Statutes § 54-142c. Section 54-142c is one of the statutes covering erasure. See General Statutes §§ 54-142a through 54-142d. Section 54-142c (b) provides in pertinent part: "Notwithstanding any other provisions of this chapter, within one year from the date of disposition of any case, the clerk of the court or any person charged with retention and control of

---

[5] General Statutes § 54-142g is entitled "Definitions" and is applicable to General Statutes §§ 54-142g et seq., 29-11 and 54-142c.

erased records by the chief court administrator or any criminal justice agency having information contained in such erased records may disclose to the victim of a crime or his legal representative the fact that the case was *dismissed*. . . ." (Emphasis added.)

The majority posits that a nolle based on a missing witness, entered pursuant to Practice Book § 726 and General Statutes § 54-56b, is not a dismissal, nor will it become a dismissal after the thirteen month erasure period under General Statutes § 54-142a (c). I believe that a review of the statutory definition of dismissal under the erasure statute, the history and meaning of a dismissal with prejudice and a dismissal without prejudice as it existed at the time § 53-39a was passed, and the subsequent addition of § 54-142c (b) indicates that the legislature intended that a nolle, subsequently erased after thirteen months, becomes a dismissal for the purposes of § 53-39a.

II

In the alternative, I disagree with the majority in upholding the trial court's denial of the plaintiff's motion to set aside the summary judgment rendered in favor of the defendant in this case after the trial court, *Skolnick, J.*, granted dismissal of the criminal charges. The majority posits that the nolle and the erasure thirteen months later left nothing to dismiss. I disagree.

At the time the nolle prosequi was entered, the plaintiff moved for dismissal. The trial court denied the motion, citing Practice Book § 726, but indicated that it was familiar with the case and that if the state agreed it would have dismissed the case.[6] The court also stated,

---

[6] At the dismissal hearing, the plaintiff, through his attorney, represented to the court that the informant had a documented history of lying. He also represented that the informant did not go to the emergency room until almost twenty days after she said that she was raped by the officer, and that she went only because her lawyer advised her to do so. The plaintiff stated that the informant's former husband told the Wallingford police

on the basis of the facts of which it was aware, that it was certain that no judge would ever reactivate the charges. The plaintiff did everything he could do to obtain a dismissal.

The trial court retains jurisdiction once a nolle prosequi enters for such matters as having a defendant's motion to dismiss on an allegation of denial of a speedy trial. *State* v. *Gaston,* supra, 198 Conn. 443; *State* v. *Lloyd,* supra, 185 Conn. 205–206. After a nolle is entered and the records are erased pursuant to § 54-142a, reprosecution becomes difficult but not impossible. *State* v. *Lloyd,* supra, 210–11. Until the statute of limitations expires, only a motion to dismiss will take a defendant out of legal limbo. Id., 207.

In his motion to dismiss, the plaintiff sought dismissal based, inter alia, on the sixth and fourteenth amendments of the United States constitution and article first, § 8, of the Connecticut constitution, both of which encompass the right to a speedy trial. I conclude that the trial court, *Skolnick, J.,* acted within its power when it dismissed the charges. The trial court, *Rush, J.,* was incorrect when it ruled that there were no pending charges that could be dismissed and, thus, abused its discretion when it denied the motion to open.

I would reverse the judgment and remand the case for further proceedings.

---

department that she had told him she was never raped by the officer, but was claiming that the plaintiff raped her so that she could get some money out of the officer, and that she abused her two children and was thrown out of a public shelter because of drugs. At her deposition, she indicated that another person had assaulted her after the officer's alleged assault and that she got drunk every few days.