[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO TERMINATE RENTAL AGREEMENT
The plaintiff, landlord, has filed a motion to terminate the rental agreement for the defendant's month-to-month tenancy in order to obtain possession of the apartment at the second floor 99 Taft Avenue, Bridgeport by reason of the failure of the defendant, tenant, to comply with the inspection and repair entry requirements Connecticut General Statutes § 47a-16 (a). This appears to be the first time that the remedy of possession has been sought under Connecticut General Statutes § 47a-18. CT Page 2833
FACTS
The defendant is an occupant as a month to month tenant of the plaintiff's multi-family house located at 99 Taft Avenue, 2nd floor in Bridgeport. The plaintiff, landlord, is in the process of preparing a writ, summons and complaint seeking possession of the premises for non payment of rent. On June 16, 1995 an inspection of the apartment was conducted by the housing code inspector for the City of Bridgeport. Numerous defects were noted and a formal inspection report was issued ordering the landlord to repair in accordance with the abatement order. The defendant, Sabrina Watford, filed a payment into court action under Connecticut General Statutes § 47a-14h on September 5, 1995 alleging those violations. She paid the August 1995 rent of $550.00 into court. The landlord filed an answer indicating that certain repairs have been made but the tenant has continued to refuse access to the landlord on numerous occasions for the purpose of making repairs. The landlord also claimed that the tenant disconnected her telephone answering machine. After the answer was filed the payment into the court case was continued on multiple dates.
The tenant, Sabrina Watford, was ordered to pay the $550.00 into court. A non suit entered as against the tenant in the payment to court action on November 29, 1995 for the tenant's failure to pay the $550 into court. Thereafter an order was entered dispersing the monies paid into court to the landlord. The non suit disposed of the payment into court action.Connecticut General Statutes § 47a-14h
The landlord has yet to file a lawsuit seeking summary process. After the non suit in the payment to court action, the landlord commenced this lawsuit under Connecticut GeneralStatutes § 14a-18. An order to show cause was issued and served on the tenant. The landlord claimed the following relief; "(1) Compensatory damages pursuant to § 47a-18 of the Connecticut General Statutes, (2) Injunctive Relief by way of mandatory injunction requiring the defendant to provide reasonable access for the purpose of making repairs to said apartment pursuant to § 47a-18 of the Connecticut General Statutes, (3) Termination of rental agreement pursuant to § 47a-18 of the Connecticut General Statutes, (4) Reasonable attorneys fees pursuant to § 47-18 of the Connecticut General Statutes, (5) Costs, and (6) Such other relief as the Court may deem appropriate." CT Page 2834
The order to show cause required a hearing on February 14, 1995. Both parties appeared in court on that date and entered into a stipulation. The stipulation was signed by both parties. After a court canvass, court orders were entered in accordance with the stipulation. The stipulation stated as follows; "Both parties agree that the Housing Code Inspector, Paul Carbone, and the plaintiff and his agent will be allowed to inspect the premises at 10:00 a.m. on February 16, 1996. Both parties agree that the plaintiff will be allowed to make repairs if necessary, on the following dates, Friday the 23rd at 10:00 a.m. and Saturday, 24th 3:00 p.m. to 5:00p.m., March 1, 10:00 a.m., March 2, 3:00 p.m. to 5:00 p.m. March 8, 1996 and March 9, 3:00 p.m. to 5:00 p.m."
The evidence indicates that Paul Carbone, the landlord and his agent along with the tenant did inspect the premises at 10:00 a.m. on February 16, 1996 in conformity with the stipulation. The court further found that on Friday, February 23 at 10:00 a.m. the landlord and his construction contractor were allowed access to begin the repair work as a result of the initial order from Paul Carbone and Mr. Carbone's February 16, 1996 inspection.
On February 27, 1996 the landlord filed a motion which requested the court to terminate the rental agreement and enter a judgment for possession on the basis that the tenant refused access to repairman in violation of the court stipulation.
The landlord filed a new motion dated March 12, 1996 requesting the court to terminate the rental agreement and enter an order for possession of the property by reason of the following violations; "Defendant has not made her apartment accessible to the plaintiff and his repairman on the following dates, in violation of the stipulation dated February 14, 1996; (a) Saturday, February 24, 1996; (b) Friday, March 1, 1996; and (c) Saturday March 2, 1996."
The case was assigned, after proper notice to both the parties, to an evidentiary hearing. At that evidentiary hearing the parties entered into a stipulated agreement executed by the both parties which was presented to the court for entry of an order in accordance with the stipulation.
The stipulation stated as follows; "Judgment for possession CT Page 2835 may enter in favor of the plaintiff with a Final stay of execution through April 15, 1996 on the conditions that; Defendant waives any and all rights to a further stay of execution, right to reopen or appeal of judgment. Defendant agrees to move all her belongings, return the keys, and the leave the premises in broom swept condition upon vacating."
DISCUSSION OF LAW
 Connecticut General Statutes § 47a-18 states as follows:
 "If the tenant refuses to allow entry pursuant to § 47a-16 or § 47a-16a, the landlord may obtain a declaratory judgment or injunctive relief to compel access or terminate the rental agreement. In either case the landlord may recover actual damages and reasonable attorney's fees."
No Appellate Court decision has cited § 47a-18. Section 47a-18
was made effective on October 1, 1976. The only citation of the § 47a-18 in any Appellate decision is related to the authority for awarding attorney's fees in Hartford Electric Light Co. v.Tucker, 183 Conn. 85, 91 (1981). The annotated statutes also referenced other two citations under § 47a-18 but none of these are relevant to the decision to be rendered in this matter. None of these cases actually cites § 47a-18. Bushnell PlazaDevelopment, Co. v. Fazzano, 38 Conn. Sup. 683, (1983); Nielsenv. Wisniewski, 32 Conn. 133 (1993).
There are two unpublished decisions citing § 47a-18. A memorandum of decision was filed in the Housing Session by Judge Austin in the case of Shaner v. Chick, 1995 Ct. Sup. 8474, July 11, 1995 (Austin, J.). The case is not of assistance because the tenant's complaint sought damages for the landlord entering a rental unit in violation of § 47a-16.
The second case is Gayle v. Young, 1995 Ct. Sup. 1198-X, SNBR-410, February 6, 1995, (Tierney, J.). Gayle v. Young
involved a situation very similar to that of the instant case. The plaintiff, landlord, Gayle, was seeking eviction against the defendant, tenant, Young, on the basis of non payment of rent. A code inspection violation report had been issued for the premises and the defendant, Young, was claimed by the landlord to have refused access to the premises. The landlord raised the issue as to whether or not the denial of the access by the CT Page 2836 tenant to the premises would estop the tenant from raising the issues of § 47a-4a; i.e. the landlord's failure rendered the premises unfit and untenantable. In its trial decision the court discussed the four theories of implied waiver, estoppel by conduct, statutory consistency and clean hands. The decision held that "the tenant cannot avail himself of the statutory defense of Connecticut General Statutes § 47a-4a unless and until he has complied with the statutory obligation of ConnecticutGeneral Statutes § 47a-16(a) by permitting the landlord reasonable access to the premises for the purpose of making landlord required repairs under Connecticut General Statutes§ 47a-7 (a)." Gayle v. Young, supra 1198-FFF, supra 24. "In a landlord-tenant setting it would appear that the landlord should, under the circumstances of the tenant's refusal of entry for repairs, file and obtain an order of access from the Superior Court under Connecticut General Statutes § 47a-18, when a tenant refuses access under Connecticut General Statutes § 47a-16."Gayle v. Young, supra 1198-BBB, supra 22.
CONCLUSION OF LAW
Evictions are commenced in accordance with the summary process under Connecticut General Statutes § 47a-23. Notice to quit requirements are set forth in that statute and have been the law of the State of Connecticut since 1806. Lorch v. Page,97 Conn. 66, 72 (1921). Although a majority of eviction cases are commenced by serving of a notice to quit, there are certain circumstances in which a notice to quit is not necessary for an eviction.
 (1) A notice to quit may be waived in a residential eviction when the claim is based on lapse of time and the waiver of the notice to quit is in writing signed by the landlord and tenant. Connecticut General Statutes § 47a-25
 (2) A notice to quit is not required if the tenant is convicted of keeping a house of ill-fame or the premises are otherwise used for prostitution or gambling. Connecticut General Statutes § 47a-31.
 (3) A notice to quit is not required if the tenant has been named as a party defendant in a foreclosure action. In that case the court can find that the plaintiff is entitled to the possession of the land CT Page 2837 and issue an execution of ejectment against the tenant. Connecticut General Statutes § 49-22.
 (4) A notice to quit is not required when a municipality condemns the premises requiring all occupants to vacate immediately. Connecticut General Statutes § 7-148 (a)(H)(xv); Connecticut General Statutes § 29-253(b); Thomaston v. Gebelein, 1993 Ct. Sup. 6292, 6293, June 21, 1993 (Pickett, J.).
 (5) Governmental eminent domain does not require a notice quit. Connecticut General Statutes § 7-148 (c)(3)(A); Connecticut General Statutes § 7-329f.
The notice to quit statute contains specified separate reasons for eviction. Connecticut General Statutes § 47a-23(a)(1)(A,)(B), (C), (D), (E).(F)(G), (2)and (3). Those reasons are not the exclusive reasons for an eviction.
 (1) A selectman of a town may maintain an eviction action against "one in possession a occupancy thereof without right, title or purchase." Connecticut General Statutes § 47a-28.
 (2) A remainderman may proceed to evict a tenant who occupies the premises under a rental agreement by the holder of a life estate, upon the death of the holder of the life estate. Connecticut General Statutes § 47a-29.
 (3) A farm employee or domestic caretaker can be evicted when the employment is terminated. Connecticut General Statutes 47a-30, P.A. 95-247 § 4.
 (4) Use of the premises for prostitution or gambling can be the basis of an eviction. Connecticut General Statutes § 47a-31.
 (5) A protected tenant may be evicted for a variety of reasons not set forth in the notice to quit statute. Connecticut General Statutes § 47a-23c(b)(1)
Therefore the use of a notice to quit in the summary process action is not the only method of terminating a tenant's right of occupancy. The legislature is presumed to have known all these existing statutes in 1976 when § 47a-18 was passed. CT Page 2838 "The legislature, however, is presumed to know the existing state of the law when it enacts a statute . . ." Cislo v. Shelton,40 Conn. App. 705, 713 (1996); State v. Dabkowski, 199 Conn. 193,201 (1986). The plain reading of the Connecticut GeneralStatutes § 47a-18 gives the court the authority to terminate the rental agreement and by implication to enter a judgment for possession of the property upon a finding of the tenant's access
The tenant's property right of occupancy should not be terminated without due process of law. Due Process requires a trial-like hearing be held, in which an opportunity — is provided to present evidence and to cross-examine adverse witnesses.Cologne v. West Farms Associates, 197 Conn. 141, 151 (1985);Wilson v. Wilson, 38 Conn. App. 263, 277 (1995); Murphy v.Burke, 2 Conn. Ops. 288, H-1070, March 11, 1996, (DiPentima, J.). In that regard this court is mindful of the statement of the Connecticut Supreme Court in 1987. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson Garden Associates v. Greene, 202 Conn. 128,143 (1987).
Therefore under the circumstances of this particular case the defendant, Sabrina Watford, was given adequate notice by reason of the multiple court appearances, her prior payment into court action, and the landlord's answer filed in that prior case that there was no access being given by the tenant for the landlord to make the necessary repairs. This lawsuit further requested an order for access and still no access was given. On February 14, 1996 in the parties agreed to permit access. There was notice of a violation of the stipulation because no access was provided. The motion was assigned for an evidentiary hearing. Due process rights have been given to Sabrina Watford. She was fully apprised of all her rights. The court has full authority under § 47a-18 to terminate the rental agreement and enter a judgment for possession of the premises.
The stipulation has been reviewed by the court and is found to be fair and reasonable. The court therefore enters a judgment for possession in favor of the plaintiff, landlord, as against the defendant, tenant, in accordance with the terms and conditions of the stipulation. The stipulation dated March 15, 1996 is a condition of the judgment. CT Page 2839
BY THE COURT,
KEVIN TIERNEY, JUDGE