[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, C L Associates, appeals from a decision of the defendant, Planning and Zoning Commission of the Town of Easton (Commission), approving a resubdivision of property owned by the defendant, Ethel Herman (applicant), as executrix of the estate of Milton J. Herman, which property is located on Morehouse Road in Easton, and is known as Sundial Acres. The Commission acted pursuant to General Statutes § 8-26, which provides for the approval of subdivision and resubdivision plans by the Commission. The plaintiff now appeals pursuant to General Statutes § 8-8 (b), which permits any person aggrieved by a decision of the Commission to appeal to the superior court.
The applicant, Herman, filed an application for resubdivision approval by the Commission of the property known as Sundial Acres. The Commission gave notice of a public hearing to held on February 6, 1995, regarding the resubdivision application. A public hearing was held on February 6, 1995, and was continued on February 27, 1995. On February 6 and 27, 1995, the Commission held a hearing on the application to resubdivide an originally approved subdivision of 25 acres and 20 lots, into 17 lots and a proposed road in a one acre zone, and including 3.5 acres of dedicated open space. The applicant sought the resubdivision of the property in order to comply with inland wetlands requirements that were not in effect at the time of the original subdivision. The applicant's engineer, Larry Edwards, testified that the site would be divided into three water drainage areas, with drainage area one draining into wetlands on the southeast portion of property; drainage area two, consisting of sheet flow, draining into the storm drainage system of the roadway which is then CT Page 5118-BBB directed into a detention basin; and drainage area three would also be diverted into the detention basin. Edwards further testified that the downhill properties located to the east would be benefited by the development in that a large portion of the present watershed would be redirected into the detention basin to the south of the property, and that the maximum flow would be reduced by 4.3%. Edwards also testified that septic analysis was done for the entire site, and that the testings were satisfactory.
At the hearing, counsel for the plaintiff raised concerns about the drainage and the septic system on lot #7 and its affect on the plaintiff's property. The plaintiff's counsel also voiced concern that the dead-end road servicing the subdivision serves eleven lots in violation of the subdivision regulations. The chairman of the Commission, Albrecht, replied that the regulation applies to lots abutting the road, not served by, therefore, lot #7 is not counted. In a decision dated July 14, 1995, the Commission granted the resubdivision subject to the following conditions: That the applicant comply with the recommendations of Edward Nagy, the town engineer, and Donald Ballou, an engineer retained by the town; that covenants be placed in the lot deeds requiring all roof drains and driveway runoff to be diverted into the wetlands to the north or the detention basin to the south; that the applicant construct monitor wells on lots 6 through 11; that the applicant construct the road, drainage and detention pond before any lots are cleared; that the applicant provide a surety bond in the amount of $100,000 to cover any damage claims; that the applicant prepare a covenant to indemnify the town for any claims of damages due to changes in drainage, septic effluent, blasting or other operations; that the frontage of lot #4 be adjusted; and, that the drainage system along Morehouse Road be extended.
The plaintiff presents two claims on appeal.[1] First, it claims that the Commission acted illegally because the application provides for 11 lots fronting on a cul-de-sac in violation of Section IV(c)(5) of the Town of Easton Subdivision Regulations. Secondly, the plaintiff contends that the Commission failed to provide adequate safeguards against drainage from applicant's property onto the plaintiff's. The court is not persuaded by either claim.
I
CT Page 5118-CCC
Preliminarily, it is well to observe that "[t]he limited scope of review in subdivision appeals is well established. `It is axiomatic that a planning commission, in passing on a [subdivision] application, acts in an administrative capacity and is limited to determining whether the plan complies with the applicable regulations. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). . . .' R.B. Kent Son,Inc. v. Planning Commission, 21 Conn. App. 370, 373, 573 A.2d 760
(1990). The commission is entrusted with the function of interpreting and applying its zoning regulations. Toffolon v.Zoning Board of Appeals, 155 Conn. 558, 560, 236 A.2d 96 (1967);Krawski v. Planning Zoning Commission, 21 Conn. App. 667,670-71, 575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543
(1990). `The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. Pascale v. Board of ZoningAppeals, 150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission operated improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707, 535 A.2d 799 (1988). The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal.Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988); McCrann v. Town Planning Zoning Commission,161 Conn. 65, 70-71, 282 A.2d 900 (1971). It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. Whittaker v. ZoningBoard of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980); Molicv. Zoning Board of Appeals, 18 Conn. App. 159, 164, 556 A.2d 1049
(1989).' Baron v. Planning Zoning Commission, 22 Conn. App. 255,257, 576 A.2d 589 (1990)." Gorman Construction Co. v.Planning Zoning Commission, 35 Conn. App. 191, 195-96,644 A.2d 964 (1994).
"`Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission,176 Conn. 439, 440, 408 A.2d 229 (1979). The action of the commission should be sustained if even one of the stated reasons is sufficient to support it.' Primerica v. Planning ZoningCT Page 5118-DDDCommission, 211 Conn. 85, 96, 558 A.2d 646 (1989); see also Huckv. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-40,525 A.2d 940 (1987). `The evidence, however, to support any such reason must be substantial. . . .' Huck v. Inland Wetlands Watercourses Agency, supra, 540. `This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]t is a compromise between opposing theories of broad or de novo review and restricted review or complete abstention. It is broad enough and capable of sufficient flexibility in its application to enable the reviewing court to correct whatever ascertainable abuses may arise in administrative adjudication. On the other hand, it is a review of such breadth as is entirely consistent with effective administration. . . . [It] imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . [I]t is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' (Citations omitted; internal quotation marks omitted.) Id., 541."Property Group, Inc. v. Planning Zoning Commission, 226 Conn. 684,697-98, 628 A.2d 1277 (1993).[2]
 II
The plaintiff first contends that the Commission did not comply with the Town of Easton Subdivision Regulations § IV(c)(5), which provides that "[i]f a permanent dead-end street is allowed, it shall provide exclusive street frontage to a minimum of two and a maximum of ten existing and/or proposed building lots, and shall terminate in a turn-around 120 feet in diameter having a paved area 100 feet in diameter." (Emphasis added.) The plaintiff argues that because the resubdivision plan provides for 11 lots to access Sundial Drive, it is in violation of this regulation. The defendants maintain that lot #7 is an interior lot, and does not have frontage on the street, and therefore, complies with the regulation. Elementary rules of CT Page 5118-EEE statutory construction compel the court to agree with the defendants.
"The commission is entrusted with the function of interpreting and applying its zoning regulations." GormanConstruction Co. v. Planning Zoning Commission, supra, 35 Conn. App. 195.
"In construing regulations, the general rules of statutory construction apply." Smith v. Zoning Board of Appeals, 227 Conn. 71,89, 629 A.2d 1089 (1993). "`It is a well established rule of statutory construction that when the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. American Universal Ins. Co. v. DelGreco,205 Conn. 178, 193, 530 A.2d 171 (1987).'" Cislo v. City ofShelton, 40 Conn. App. 705, 710, 673 A.2d 134 (1996). With local land use regulations there often is nothing further to look to, since municipalities rarely maintain an adequate or readily accessible legislative history of their regulatory enactments.
The Town of Easton Zoning Regulations § 2.1.15 define an interior lot as "[a] lot having no frontage on any public street or highway, but which has access to a public street or highway by means of an unobstructed easement for access and egress. . . ." (Emphasis added.) The resubdivision plan shows that lot #7 is such an interior lot, as defined by this regulation.[3] Since lot #7, as an interior lot, has no frontage along the dead-end street, under the plain language of the regulations it cannot be included in the number of lots for which the resubdivision's dead-end street provides exclusive street frontage, for purposes of § IV(c)(5) of the Town of Easton Subdivision Regulations.[4] The Commission did not act illegally in finding that the resubdivision plan did not violate § IV(c)(5) of its regulations.
 III
The plaintiff next claims that the Commission did have substantial evidence to conclude the resubdivision plan provided adequate drainage in order to protect the plaintiff's property. The record reflects that the Commission received an engineering report from the applicant regarding drainage computations. At the hearing the applicant's engineer, Larry Edwards, testified as to the provisions made for drainage, and the diversion of sheet flow runoff into a storm drainage system in the roadway and eventually CT Page 5118-FFF into a detention basin.
Edwards testified that the amount of runoff to the east would be greatly reduced compared to the situation that presently exists. Edwards also stated "in terms of the flow being to the east, the road itself will act as the channel in all general purposes. There will be road drainage in the street. There will be catch basins. There will be storm drainage connected to locations. And that will all be directed to the drainage facility. There will also be underdrains at the request of the Town Engineer and those will be located along the roads and will likewise be picking up groundwater, intercepting that prior to the limits of the road and that will likewise be directed to the detention basin." The Commission also received reports regarding drainage from the Town Engineer, Edward Nagy, and an independent engineer retained by the Commission, Donald Ballou.
In its letter of approval, the Commission required that the applicant comply with all the recommendations of Ballou and Nagy as a condition of that approval. As a further condition of approval, the Commission required that monitor wells on lots 6 through 11, and the road, with its drainage and detention pond, be built and be operating to the satisfaction of the Commission before any zoning permits can be issued.
The plaintiff asserts it "presented expert testimony to refute the drainage calculations submitted by the defendant. The Commission chose to ignore these concerns, concluding that the proposed drainage was adequate." Although the plaintiff did provide a letter from its expert, in evaluating whether the conclusions reached meet the substantial evidence standards, the credibility of witnesses is a matter within the province of the administrative agency. Huck v. Inland Wetlands WatercoursesAgency, supra, 540-41. Except in rare cases — and there has only been one such case in Connecticut; Builders ServiceCorporation v. Planning Zoning Commission, 208 Conn. 267, 294,545 A.2d 530 (1988); "`[a]n administrative agency is not required to believe any witness, even an expert.'" Bradley v. InlandWetlands Agency, 28 Conn. App. 48, 53, 609 A.2d 1043 (1992). As the record reflects, the Commission had ample evidence, including expert testimony, upon which to conclude that the proposed drainage was adequate, despite the plaintiff's expert evidence to the contrary.
The appeal is dismissed. CT Page 5118-GGG
BY THE COURT
Bruce L. LevinJudge of the Superior Court