[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 26, 1997
FACTS
The plaintiff, Etta D. Lehrer, filed a four count complaint against the defendants, the City of Norwalk, the Library Board of CT Page 3226 Norwalk and Dominic DiGangi, the Director of Public Works for the City of Norwalk. The complaint is based on the plaintiffs fall and resulting injuries that took place on a public plaza, which is located in front of the Norwalk Public Library. The complaint alleges that the plaza had settled below the adjacent sidewalk, causing the plaintiff to trip. (See Complaint, count one, ¶ 3; Complaint, Exhibit B. photographs.) The complaint sounds in negligence and nuisance.
The defendants filed a motion to dismiss on April 3, 1997, accompanied by a supporting memorandum of law. The plaintiff filed a memorandum in opposition on May 2, 1997.
DISCUSSION
A motion to dismiss is properly used to challenge lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. See Practice Book § 143; Knipple v.Viking Communication, 236 Conn. 602, 612 n. 3, 674 A.2d 426
(1996). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990).
The defendants argue that the court lacks jurisdiction[1]
over the plaintiff's complaint because the complaint implicates General Statutes § 13a-149 and the plaintiff has failed to bring the action and failed to file timely notice under this statute. Rather, the defendants argue that the plaintiff has raised allegations of negligence and nuisance.[2] The plaintiff in opposition argues that the complaint does not implicate the defective highway statute, therefore failure to plead and provide notice under the statute does not deprive the court of jurisdiction.
The defendants' argument to some degree suggests the sufficiency of the plaintiff's complaint for failure to plead under General Statutes § 13a-149 and thus should have been raised by a motion to strike. "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of OldSaybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). See, e.g.,Wenc v. New London, 44 Conn. Sup. 45, 667 A.2d 87 (1994), aff'd235 Conn. 408, 667 A.2d 61 (1995) (in which a motion to strike CT Page 3227 was brought because the plaintiff failed to plead under General Statutes § 13a-149).
Nevertheless, the defendants' subsequent and related argument regarding the timeliness of the notice, if General Statutes §13a-149 is applicable, raises subject matter jurisdiction. Notice is a condition precedent to bringing an action under General Statutes § 13a-149; if notice is not given, no cause of action exists, thus implicating subject matter jurisdiction. SeeHillier v. East Hartford, 167 Conn. 100, 105, 355 A.2d 1 (1974). Accordingly, the defendants' arguments as to whether the plaintiff should have pleaded and brought notice under General Statutes § 13a-149 will be addressed at this time. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figuera v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
Central to this court's inquiry, therefore, is whether the public plaza, which is alleged to have caused the plaintiff's injuries, falls under the scope of General Statutes §13a-149, thereby necessitating notice pursuant to the terms of the statute.
General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of anydefective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . or part of such road which may be raised above the adjoining ground so as to be unsafe for travel . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court." (Emphasis added.) Id.
Superior Courts have been reluctant to extend the scope of General Statutes § 13a-149. For example, in Rotella v. Cityof Waterbury, Superior Court, judicial district of Waterbury, Docket No. 83537 (May 31, 1989) (Langenbach, J.) (4 CSCR 544), the court explained: "[S]tatutes that abrogate or modify governmental immunity are to be strictly construed . . . General Statutes § 13a-149 is designed to protect travelers, only, and the person claiming damages must be injured in connection with his use of the highway for travel . . . General Statutes § 14-212(5) defines a parking area as `lots, areas, or other CT Page 3228 accommodations for the parking of motor vehicles off the street or highway' . . . Parking lots maintained by municipalities do not come within the purview of Section 13a-149 . . ." Id. See also Paternoster v. Town of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286761,8 CONN. L. RPTR. 24 (November 24, 1992) (Leheny, J.) (also refusing to extend the scope of General Statutes § 13a-149 to include parking lots).
This court has found no authority to support the defendants' proposition that a public plaza constitutes a "highway, bridge or sidewalk" for the purposes of General Statutes § 13a-149. A "plaza" may be considered "a public square in a city or town." Webster's New World Dictionary (1987). A "square" is "an open area bounded by several streets, used as park, etc." Id. These definitions in no way suggest the element of "travel" required by General Statutes § 13a-149. See Rotella v. City of Waterbury,supra, 4 CSCR 544. Accordingly, in light of (1) the lack of authority construing General Statutes § 13a-149 as applied to public plazas; (2) the lack of any suggestion of "travel" in the definitions of "plaza" and "square"; and (3) the rule that "[s]tatutes that abrogate or modify governmental immunity are to be strictly construed"; see Cislo v. City of Shelton,40 Conn. App. 705, 711, 673 A.2d 134; Struckman v. Burns,205 Conn. 542, 558, 534 A.2d 888 (1987); this court will not extend the purview of General Statutes § 13a-149 to cover public plazas. Therefore, the defendants' Motion to Dismiss is denied.
MINTZ, J.